**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**EASTEX, INCORPORATED, et al., Defendants-Appellees.**

No. 76–2847.

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1978.

**404**

Marleigh Dover Lang, Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Washington, D. C., for plaintiff-appellant.

Michael K. Wyatt, Kenneth I. Jonson, Washington, D. C., Tom M. Davis, Houston, Tex., for Eastex, Inc.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The district court awarded Eastex, Inc., the prevailing defendant in this Title VII action, attorney's fees pursuant to 42 U.S. C.A. § 2000e–5(k). On appeal, the Equal Employment Opportunity Commission argues that this litigation was not "frivolous or vexatiously brought," and the award of attorney's fees should be reversed.

Subsequent to the district court's decision, the standard for awarding fees to a prevailing defendant has undergone much judicial scrutiny. In *Bolton v. Murray Envelope Corp.*, 553 F.2d 881, 884 n.2 (5th Cir. 1977), this Court seemed to indicate in a footnote that a defendant could recover only when the suit was "vexatious or frivolous." While we were holding this case for Supreme Court resolution of the issue on the grant of certiorari from *EEOC v. Christiansburg Garment Co.*, 550 F.2d 949 (4th Cir. 1977), *cert. granted*, 432 U.S. 905, 97 S.Ct. 2948, 53 L.Ed.2d 1077 (1977), another panel determined, without reference to *Bolton* or *Christiansburg*, that defendants could recover attorney's fees under the same standard which applies to plaintiffs. *United States v. Allegheny-Ludlum Industries, Inc.*, 558 F.2d 742, 744 (5th Cir. 1977).

The Supreme Court has now unanimously determined that a prevailing defendant can recover attorney's fees from a plaintiff only if the claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, ── U.S. ──, ──, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978).

■ We remand this case for reconsideration in light of *Christiansburg* for two reasons. First, the district court did not indicate the legal test it applied in awarding attorney's fees to Eastex and is entitled to review the application for attorney's fees anew under the *Christiansburg* standard. Second, the district court's order does not contain sufficient facts to resolve the legal contention of either party on this appeal. It is presumed the district court will make findings of fact to support any decision that it makes under the *Christiansburg* standard.

■ We note that there were no findings of fact to support the amount of attorney's fees awarded. This Court has repeatedly stressed the need for factual findings to support an award of attorney's fees. *See Cook v. Oschsner Foundation Hospital*, 559 F.2d 270, 273 (5th Cir. 1977); *Wolf v. Frank*, 555 F.2d 1213, 1218–1219 (5th Cir. 1977) (collecting cases); *Johnson v. Georgia Highway Express Co.*, 488 F.2d 714 (5th Cir.

1974). In the event of an award on remand, a new order can remedy this defect. We, of course, do not indicate in any way the outcome that should ensue under *Christiansburg.*

VACATED AND REMANDED.