**Mildred and Caleb DAVIS, Plaintiffs-Appellees,**

v.

**Elijah FLETCHER, Jr., Defendant-Appellant.**

No. 78–2895
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Holland & Knight, Steven D. Merryday, Tampa, Fla., Julian Clarkson, Fort Myers, Fla., Archie M. Odom, Punta Gorda, Fla., for defendant-appellant.

George E. Carr, Robert A. Williams, Florida Rural Legal Services, Inc., Immokalee, Fla., H. Michael Semler, Migrant Legal Action Program, Washington, D. C., for plaintiffs-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

This appeal challenges an award of attorney's fees entered without a written evaluation by the court of the factors supporting the award. We remand for the limited purpose of permitting the district court to give reasons for allowing the amount awarded, expressed in compliance with our opinion in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

The plaintiffs, Mildred and Caleb Davis, two migrant farm workers, won a joint $6,695.40 non-jury judgment against Elijah Fletcher, Jr., a farm labor contractor, for violations of the Farm Labor Contractor Registration Act, the Fair Labor Standards Act, the Truth-In-Lending Act, and the Federal Insurance Contribution Act.

After trial the plaintiffs submitted a motion for an award of $7,595.00 in attorney's fees, as amended, supported by affidavits meticulously setting forth the time, labor, and skills required of their three attorneys in achieving a favorable judgment. The motion requested an hourly rate of $50 for the total hours of work performed. In response the defendant requested the court to take into consideration the amount of the judgment and the fact that the attorneys are employed by the state legal services department. The district court granted the entire amount requested in a brief order stating:

I have considered the plaintiffs' memoranda in support of its motion, its supplement thereto, defendants' response to request for allowance of attorneys' fees and am familiar with the principles applicable, particularly as articulated in *Johnson v. Georgia Highway Express, Inc.,* [supra].

Upon consideration of all the requisite factors, I am of the opinion that Florida Rural Legal Services, Inc., as a result of the services of its attorneys in this case, . . . is entitled to an attorneys fee from defendant in the sum of $7,595, which amount is fixed as being fair and reasonable.

The only issue asserted by Fletcher on appeal is that the district court failed to articulate properly its reasons for setting the amount of the award in accordance with the guidelines established in *Johnson.*

The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977); *Weeks v. Southern Bell Telephone and Telegraph Co.,* 467 F.2d 95 (5th Cir. 1972). Yet, unless that court articulates some reasons for its award, we have no basis on which to review the exercise of that discretion. *Johnson* suggested twelve factors which would reflect the considerations leading to a determination of a reasonable attorney's fee award. Since that case this court has repeatedly required an attorney's fee award to be accompanied by an explanation of the factors contributing to the decision. *See, e. g., Sweeney v. Vindale Corp.,* 574 F.2d 1296 (5th Cir. 1978); *Equal Employment Opportunity Commission v. Eastex, Inc.,* 568 F.2d 403 (5th Cir. 1978); *Premier Corp. v. Serrano,* 565 F.2d 1353 (5th Cir. 1977); *Cook v. Ochsner Foundation Hospital,* 559 F.2d 270 (5th Cir. 1977); *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977); *Miller v. Mackey International, Inc.,* 515 F.2d 241 (5th Cir. 1975); *Mims v. Wilson,* 514 F.2d 106 (5th Cir. 1975); *Evans v. Seaman,* 496 F.2d 1318 (5th Cir. 1974); *Baxter v. Savannah Sugar Refining Corp.,* 495 F.2d 437 (5th Cir. 1974). What we require is not a meaningless exercise in parroting and an-

swering each of *Johnson's* twelve criteria, but some assurance that the court has arrived at a just compensation based upon appropriate standards. Some cases may arise in which all of the twelve criteria are relevant in fixing fees. *See, e. g., Norwood v. Harrison,* 581 F.2d 518 (5th Cir. 1978). However, it will not always be necessary for a district court to address each of the twelve factors in explaining the considerations affecting its decision.

Plaintiff's affidavits suggest that the attorneys may have computed their requested fees on a hours-times-dollars formula. The adoption of this approach, without more, does not satisfy the court's responsibility. *Miller v. Mackey International, Inc.,* 515 F.2d 241 (5th Cir. 1975); *Weeks v. Southern Bell Telephone and Telegraph Co.,* 467 F.2d 95 (5th Cir. 1972). Yet the district court may have been influenced by many factors of which we are not aware. We do not say that the district court necessarily abused its discretion in this case. We say only that without any indication of the basis for this award we cannot properly evaluate the court's decision.

REMANDED.