Hazel GAY, Plaintiff-Appellee,

v.

BOARD OF TRUSTEES OF SAN JACINTO COLLEGE, Defendant-Appellant.

No. 77–2488.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1979.

---

128

Stanley D. Baskin, Pasadena, Tex., for defendant-appellant.

David T. Lopez, Houston, Tex., for plaintiff-appellee.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

GODBOLD, Circuit Judge:

In this Title VII case the evidence adequately supports the finding by the district court that the plaintiff, a black custodial employee of the defendant college, was discharged because of her race. With conflicting testimony presented to it the court accepted the testimony of plaintiff that the supervisor of custodial employees, using racial epithets, told her that she was fired.

Defendant cannot escape responsibility for the act of the supervisor on the ground that under institutional procedures not proved to be known to the plaintiff, only the president could fire an employee of the college. The statute defines employee to include any agent of the employer, 42 U.S.C. § 2000e(b). The college held out the supervisor as a person having authority over those under his supervision, and the plaintiff perceived him to have authority to discharge her.[1]

It was not necessary for the plaintiff, a public employee, to prove intentional discrimination. The college relies upon the district court decision in *Scott v. City of Anniston*, 430 F.Supp. 508 (N.D.Ala.1977). But we reversed that decision on appeal and held proof of discrimination unnecessary. *Scott v. City of Anniston*, 597 F.2d 897 (CA5, 1979), *petition for cert. filed 9/7/79*, 48 L.W. 3263. *Accord, U. S. v. City of Chicago*, 573 F.2d 416 (CA7, 1978).

The district court erred in awarding attorneys' fees to plaintiff without entering findings as required by *Johnson v. Georgia Highway Express*, 488 F.2d 714 (CA5, 1974). *EEOC v. Eastex, Inc.*, 568 F.2d 403 (CA5, 1978). The court's statement that it had considered plaintiff's motion and accompanying brief, which cited *Johnson* and discussed *Johnson* factors, was not sufficient. The award of attorneys' fees must be vacated and reconsidered pursuant to *Johnson* and findings entered. *Eastex, supra.* At the same time the court should award fees to plaintiff for her counsel's work on this appeal.

AFFIRMED in part, VACATED and REMANDED in part.

1. The supervisor fired a coworker at the same time.