**Mrs. Althea ANTHONY, Plaintiff-Appellant,**

v.

**MARION COUNTY GENERAL HOSPITAL, Defendant-Appellee.**

No. 79–3265
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 29, 1980.

---

* Fed.R.App.R. 34(a); 5th Cir. R. 18.

Page, Patton & Moyo, Jackson, Miss., Robert L. Gibbs, Hattiesburg, Miss., for plaintiff-appellant.

Fuselier, Ott, McKee & Flowers, M. Curtiss McKee, Jeffrey A. Walker, Jackson, Miss., for defendant-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Mrs. Anthony appeals the dismissal with prejudice of the action below as well as the award of attorney's fees to the defendant hospital. We affirm the dismissal, but vacate the award of attorney's fees and remand.

## I. FACTS

On February 8, 1979, Mrs. Anthony filed a two count suit under Title VII of the 1964 Civil Rights Act and 42 U.S.C.A. § 1981 on behalf of herself and on behalf of all others similarly situated against the Marion County General Hospital, alleging racial discrimination. The complaint was signed by attorney Edward B. Moyo.

*April 6, Motion to Dismiss Title VII and Notice of Deposition.* On April 6, 1979, after receiving an extension of time to respond to the complaint, the hospital filed its answer and affirmative defenses. At the same time, the hospital filed: (1) a motion to dismiss the Title VII aspects of the complaint due to Mrs. Anthony's failure to satisfy a jurisdictional prerequisite to suit under Title VII, *i. e.,* receipt of a "right-to-sue letter"; and (2) a notice of Mrs. Antho-

ny's deposition. The motion to dismiss was noticed for hearing before the district court on April 13, 1979, and the notice of deposition specified April 24, 1979, for Mrs. Anthony's deposition.

*April 12, Request for Continuance of Hearing.* On April 12, 1979, Mrs. Anthony's attorney, Mr. Moyo, telephoned counsel for the hospital and advised that he (Moyo) was planning to file a motion to withdraw as Mrs. Anthony's counsel of record. Moyo requested that the hospital refrain from calling up its motion to dismiss set for hearing the following morning. Counsel for the hospital agreed. The record, however, reflects that attorney Moyo never filed such a motion of withdrawal.

*April 23, Request for Continuance of Deposition.* On April 23, 1979, Mrs. Anthony directly contacted counsel for the hospital requesting time to secure substitute counsel and requesting that her deposition scheduled for the next morning be rescheduled. Counsel stated it would postpone all actions on behalf of the hospital for a period of fifteen days.

*June 5, Renotice of Hearing and for Deposition.* Thereafter, on June 5, 1979, forty-two days after Mrs. Anthony had contacted the hospital's counsel and without any further contact from Mrs. Anthony, the hospital: (1) renoticed Mrs. Anthony's deposition; (2) filed a motion for determination of class action certification; and (3) renoticed its motion to dismiss the Title VII allegations. The motions were set for hearing before the district court on June 15, 1979, and the deposition was set for June 26, 1979. Each of these documents was mailed both to attorney Moyo and to Mrs. Anthony by United States mail, certified mail, return receipt requested.[1] The documents were received by attorney Moyo's office, but the

record indicates the documents mailed to the appellant were returned to the hospital's counsel on June 26 marked "unclaimed," and indicating attempted deliveries on June 5, June 10, and June 20.

*Failure to Appear at June 15 Hearing and at June 26 Deposition.* Neither Mrs. Anthony nor her attorney appeared at the hearing on June 15, 1979. Nor did she appear for her deposition on June 26, 1979. On June 19, 1979, the district court entered its findings of fact and conclusions of law dismissing the Title VII aspects of the complaint without prejudice and denying class certification.

*Motion to Dismiss § 1981 Claim—July 20 and July 25 Notice.* On July 20, 1979, the hospital filed a motion to dismiss and for attorney's fees. Again, the motion and notice of motion, together with a copy of the court's previous dismissal of her Title VII action, were mailed to both Mrs. Anthony and her attorney of record via certified mail, return receipt requested. The motion was originally noticed for hearing on July 27, 1979. The hearing was later rescheduled for August 17, 1979, and notice thereof was mailed to Mrs. Anthony and her attorney of record on July 25, 1979, certified mail, return receipt requested. There is no return receipt of these notices in the record nor any indication they were returned unclaimed.

*Failure to Appear at Hearing.* Neither Mrs. Anthony nor her attorney appeared at the August 17, 1979, hearing on the hospital's motion to dismiss and for attorney's fees.

As set forth in the findings of fact and conclusions of law dated August 17, 1979, the district court dismissed the action with prejudice, pursuant to Rule 37(d) and Rule

---

1. All documents were mailed to attorney Moyo at the office address set forth in the complaint. All documents were mailed to Mrs. Anthony at the post office box address she provided to the Equal Employment Opportunity Commission during the processing of her charge. The district court in its findings of fact found that this address was provided by Mrs. Anthony to the hospital's counsel. Mrs. Anthony does not

now claim that the address was incorrect. The record reflects this address was also used by the Department of Justice when the notice of right to sue was mailed to Mrs. Anthony prior to her filing a second action against the hospital currently pending in the court below. The right-to-sue letter was part of the complaint in that suit.

41(b), Fed.R.Civ.P., providing respectively for dismissal for failure to appear for deposition and for failure to prosecute.[2] Finding that Mrs. Anthony's failure to prosecute was frivolous and vexatious, the district court awarded the hospital attorney's fees pursuant to § 706(k) of Title VII, 42 U.S. C.A. § 2000e–5(k), and 42 U.S.C.A. § 1988.

*Judgment mailed September 7, 1979.* On September 7, 1979, a copy of the bill of costs reflecting the judgment was mailed to Mrs. Anthony. Shortly thereafter, notice of entry of appearance of Robert L. Gibbs, Esquire, was filed on September 19, 1979, together with the notice of this appeal. No motion for relief from judgment pursuant to Rule 60, Fed.R.Civ.P., ever has been filed. On September 17, 1979, Mrs. Anthony, represented by her new counsel, filed another action under Title VII against the hospital.

## II. *DISMISSAL WITH PREJUDICE*

Mrs. Anthony contends that the district court abused its discretion in dismissing her cause of action with prejudice.[3]

Rule 41(b) provides that a case may be dismissed for failure to prosecute. Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

Dismissal with prejudice, however, is an extreme sanction which is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists, *Gonzalez, supra*, 610 F.2d 241 (5th Cir. 1980); *Lopez, supra*, 570 F.2d 541; *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 557 (1977); *E. F. Hutton v. Moffatt*, 460 F.2d 284 (5th Cir. 1972). On appeal, this court must confine itself to the determination of whether the district court abused its discretion. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Gonzalez, supra*, 610 F.2d 241; *Jones, supra*, 602 F.2d 94; and *Lopez, supra*, 570 F.2d 541. Applying this standard for review, we conclude that the district court did not abuse its discretion in dismissing Mrs. Anthony's action.

It is clear that Mrs. Anthony understood that she needed to obtain new counsel. On the day before her first scheduled deposition, Mrs. Anthony obtained a fifteen day delay in order that she could find a new attorney. Despite this understanding between Mrs. Anthony and the hospital's counsel, Mrs. Anthony failed to obtain new representation until after the final judgment of the district court in this case.

After being alerted to the possibility of a change in counsel for Mrs. Anthony, the hospital cautiously mailed every notice thereafter both to Mrs. Anthony's original attorney, who remained attorney of record,

**2.** We assume for the purposes of this appeal that the dismissal with prejudice operates only with respect to Mrs. Anthony's § 1981 claim. The hospital appears to acknowledge this in its brief. The district court could have revised its previous order dismissing without prejudice the Title VII action, as permitted under Rule 54(b), Fed.R.Civ.P., but did not do so.

**3.** The district court grounded its decision on both Fed.R.Civ.P. 37(d) and 41(b). Because we find adequate grounds for dismissal under Rule 41(b), we have not considered whether there were also adequate grounds for dismissal under Rule 37(d). Rule 37(d) permits a court to utilize the sanctions in Rule 37(b)(2)(A), (B) and (C) when a party fails to appear before an officer designated to take a deposition after proper notice. Among these sanctions is dismissal of the action. Rule 37(b)(2)(C). *Dorey v. Dorey*, 609 F.2d 1128 (5th Cir. 1980); *Jones v. Louisiana State Bar Association*, 602 F.2d 94 (5th Cir. 1979). Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of the ultimate sanction of dismissal under Rule 37(d). *Jones, supra*, 602 F.2d 94; *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979).

and to Mrs. Anthony herself.[4] Despite the fact that notices were thereafter mailed to Mrs. Anthony herself, she failed to respond to the June 5 notice, failed to appear at the June 15 hearing, and failed to appear at the June 26 deposition. Although her Title VII claim had already been dismissed because of her failure to appear at the June 15 hearing, she, nevertheless, failed to respond to the two notices, one on July 20 and a second on July 25, of the hearing concerning the dismissal of her remaining § 1981 claim, and failed to appear at that hearing on August 17.

■ She has made no attempt to explain, either to the district court or to this court, her failure to prosecute. She does argue that the June 5 notice was returned "unclaimed", but she does not assert that she was in fact ignorant of the June 15 hearing and the June 26 deposition, or of the attempts by the post office to deliver the notice on June 5, June 10, and June 20.[5] Mrs. Anthony does not assert that she never received the two July notices of the August hearing or that she was in any way ignorant of these notices.[6] Should Mrs. Antho-

ny have asserted ignorance of these various notices, she would properly have been called upon to answer the obvious question as to why she did receive the one notice which imposed a financial burden upon her, i. e., the judgment assessing attorney's fees which was mailed to her on September 7 and to which she responded through a new attorney on September 19, but had not received the several notices in June and July.

Although we recognize that dismissal with prejudice is an extreme sanction, other cases in this circuit have upheld a district court's dismissal with prejudice for less reason than appears here. In *Bonaventure, supra,* 593 F.2d 625, the plaintiff failed to appear for his first scheduled deposition. When the deposition was rescheduled, the plaintiff filed a motion for a protective order. The deposition was then rescheduled, and the plaintiff again moved for a protective order. After denying the plaintiff's motions, the district judge ordered him to appear for a deposition. The plaintiff failed to appear for this deposition, contending that his lack of money prevented him from traveling to the site of the deposition. The district court then dis-

4. We note that in at least four cases where dismissal was held to be inappropriate, a factor was the lack of any indication in the record of the client's knowledge of, or participation in, his attorney's failure to prosecute. *Gonzalez, supra,* 610 F.2d 241; *Silas, supra,* 586 F.2d 382; *Pond v. Braniff Airways Inc.,* 453 F.2d 347 (5th Cir. 1972); *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885 (5th Cir. 1968), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). *But cf. Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (actions of retained counsel may be attributed to client). This factor is clearly inapplicable here where Mrs. Anthony apparently knew of her counsel's withdrawal from the case and where all notices after April 23 were sent not only to Mrs. Anthony's original attorney but also to Mrs. Anthony herself. The record and the briefs do not indicate what, if any, communication there was between Mrs. Anthony's original attorney and Mrs. Anthony. The record indicates that when Mrs. Anthony failed to appear at the June 26 deposition, the hospital attorneys placed a call with her original attorney which was never returned.

Because we are reluctant to attribute to Mrs. Anthony any culpability on the part of her attorneys, we have not considered two factors which were clearly the responsibility of her

attorney. First, although the complaint stated there was a right-to-sue letter attached as an exhibit, there was no such letter. Moreover, the record indicates Mrs. Anthony did not receive a right-to-sue letter until June 18, 1979, over four months after her complaint was filed. Second, although the complaint was filed as a class action, there was no compliance with Local Rule 18 requiring discovery and certification of the class.

5. Mrs. Anthony's argument fails for a second reason. Fed.R.Civ.P. 5(b) provides that service is complete upon mailing. Moreover, refusal to accept mail does not vitiate service. 4 Wright & Miller, *Fed. Practice & Procedure: Civil,* § 1148; *Cf. Bourne, Inc. v. Romero,* 23 F.R.D. 292 (E.D.La.1959) (service complete although defendant refused to accept registered mail.)

6. Mrs. Anthony tries to make much of the fact that there is no return receipt of these July notices in the record indicating delivery as there is with the June 5 notice originally sent to Mrs. Anthony's original attorney. This argument carries little weight as Mrs. Anthony does not now claim that she never received notice, but merely there is no indication in the record that she received the notice.

missed his suit with prejudice pursuant to Fed.R.Civ.P. 37(b).[7] This Court in *Bonaventure* sustained dismissal with prejudice on the basis of the plaintiff's failure to appear at the two depositions. Here, Mrs. Anthony failed to appear at two hearings and a deposition.

In *Lopez, supra*, 570 F.2d 541, the plaintiffs' attorney stated at a docket call that he was ready for trial. The trial court ordered the docket call be continued, and at a second docket call, a week later, neither the plaintiffs nor their attorney appeared. The trial court thereupon dismissed the plaintiffs' suit for failure to prosecute. Later that same day, the plaintiffs' attorney moved to reinstate the suit. The trial court conditionally reinstated the cause and set it for trial four days later. When the trial date arrived, the plaintiffs' attorney announced not ready and made an oral motion for a continuance, asserting that one plaintiff was in school in another state and would not be able to attend trial. The trial court denied the plaintiffs' oral motion for continuance and ordered the cause to proceed to trial. The plaintiffs' attorney refused to call any witnesses even though the absent plaintiff had filed a deposition and ten defense witnesses were present. Trial court dismissed the suit with prejudice, and this court affirmed. We believe that the culpability of Mrs. Anthony in this case is comparable to that of the plaintiffs and their attorney in *Lopez*.[8]

We are also sensitive to the fact that Mrs. Anthony may have been acting without the benefit of counsel from April until judgment was entered in August. However, Mrs. Anthony knew she had to obtain new counsel within fifteen days from April 23. We believe that even a non-lawyer should realize the peril to her case, when she ignores the necessity to obtain new counsel, ignores numerous notices, and fails to attend hearings and depositions. Even a non-lawyer should realize the need to communicate either with the court or with opposing counsel. Mrs. Anthony did neither, and offers no explanation for having failed to do so. Although we recognize that dismissal with prejudice is an extreme sanction, we believe there is a clear record of delay in this case, and we cannot conclude that the district court abused its discretion in dismissing this case.

### III. *AWARD OF ATTORNEY'S FEES*

Mrs. Anthony gives two arguments as to why attorney's fees should not be awarded to the hospital despite the dismissal of her cause of action with prejudice.

■ First, she contends that the hospital is not a "prevailing party" as that term is used in both 42 U.S.C.A. § 1988 and 42 U.S.C.A. § 2000e–5(k).[9] Although there has

---

**7.** We note that under Fed.R.Civ.P. 26(c) a party has the right to request a protective order with respect to a deposition.

**8.** *Gonzalez, supra*, 610 F.2d 241, in which a dismissal with prejudice was held to be an abuse of discretion, is distinguishable from our case. In *Gonzalez*, dismissal was based solely on the plaintiff's attorney's failure to comply with an order of the court concerning his admission to practice before the court, and the attorney's failure to appear at a pre-trial conference. There were no significant periods of inactivity by the plaintiff's attorney. There was nothing indicating the plaintiff bore any responsibility for his attorney's failure to appear at the pre-trial conference. The district court did not initiate any action to obtain compliance with its orders prior to entering the dismissal with prejudice. In our case, Mrs. Anthony failed to appear at three important stages of the litigation; there were significant periods of inactivity; and Mrs. Anthony does

bear responsibility for her inactivity. The notice of dismissal of her Title VII action without prejudice was a warning by the court that she should pursue her case.

*Silas, supra*, 586 F.2d 382, is also distinguishable. There the district court did not warn the plaintiff or his attorney that continued failure to proceed would result in dismissal. There was no indication of the client's complicity in the attorney's failure to file pre-trial stipulations or attend a pre-trial conference. Also, the attorney explained his failure to file the pre-trial stipulations and to attend the pre-trial conference on grounds that he failed to place these items on his calendar. We note that Mrs. Anthony here has provided no explanation for her failure to appear at the two hearings or the deposition.

**9.** The pertinent part of 42 U.S.C.A. § 1988 reads:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985,

not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*. As such, the hospital has clearly prevailed in this litigation.

Second, Mrs. Anthony argues that even if the hospital is the "prevailing party", the conditions of *Christiansburg Garment Co. v. E. E. O. C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1979), specifying the criteria for awarding attorney's fees to defendants pursuant to 42 U.S.C.A. § 2000e–5(k), have not been met.[10] *Christiansburg* makes clear that pursuant to 42 U.S.C.A. § 2000e–5(k), even though there is no subjective bad faith on the part of the plaintiff, the defendant may obtain attorney's fees when the plaintiff's action is found to be "frivolous, unreasonable, or without foundation." 434 U.S. at 421, 98 S.Ct. at 700.[11] In addition, *Christiansburg* makes clear that the American common-law rule remains valid so that a defendant may obtain attorney's fees also when the plaintiff has acted in bad faith.[12]

■ Solely, on the basis of Mrs. Anthony's failure to prosecute, the court below found that her claim was vexatious and frivolous, and thus within the criteria of *Christiansburg*. We disagree. We do not believe that the mere failure to prosecute, without more, establishes as a matter of law that a claim is either frivolous or vexatious. There is absolutely no evidence in the record concerning the merits of Mrs.

Anthony's claim. It may or may not be frivolous. While Mrs. Anthony's unreasonable delay and inaction is certainly a factor to be considered, it does not, by itself, constitute vexatiousness or harassment. Our conclusion in this regard is supported by *Lopez, supra*, 570 F.2d 541. There, plaintiff's action was dismissed for failure to prosecute and this court remanded for a determination in light of *Christiansburg* as to whether attorney's fees should be awarded. If failure to prosecute alone were sufficient to establish vexatiousness, then a remand would not have been necessary.

Accordingly, we vacate the award of attorney's fees, and remand for further proceedings on that issue.

## IV. *AMOUNT OF ATTORNEY'S FEES*

Although we have remanded for a determination of whether attorney's fees are appropriate, we believe it will be helpful to add a few words as to the manner of calculating the fees should the court find that fees are warranted. In support of its request for attorney's fees, the hospital submitted an affidavit of its counsel as well as a copy of the counsel's bill submitted to the hospital. The hospital's counsel calculated its fees at a rate of $75 per hour for attorney's time and $50, $40 and $35 per hour for non-attorney's time out of court. Nowhere in the record is there a breakdown of the number of hours devoted to each aspect of the case. The district court, merely stating it had reviewed all the evidence, awarded

and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C.A. § 2000e–5(k) reads:
  (k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

**10.** This court has indicated that the standards enunciated in *Christiansburg* for awarding attorney's fees to defendants also apply to 42 U.S.C.A. § 1988. *Lopez, supra*, 570 F.2d 541 (5th Cir. 1978).

**11.** The Supreme Court also framed the test as whether the action is "unreasonable, frivolous, meritless or vexatious." *Id.*, 434 U.S. at 421, 98 S.Ct. at 700.

**12.** *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) held that attorney's fees may be awarded a successful party when his opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."

the hospital $4,947.62, the amount requested.

While the determination of reasonable attorney's fees is left to the sound discretion of the court, the court must articulate reasons for its award in order that we may have a basis to review that award. *Gay v. Board of Trustees of San Jacinto College*, 608 F.2d 127 (5th Cir. 1979); *Davis v. Fletcher*, 598 F.2d 469 (5th Cir. 1979). The court's reasoning as to the appropriate amount should be made in light of the guidelines specified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). A computation of reasonable fees solely on the basis of a hours-times-dollars formula does not satisfy the court's responsibility. *Davis, supra*, 598 F.2d 469; *Miller v. Mackey International, Inc.*, 515 F.2d 241 (5th Cir. 1975); *Weeks v. Southern Bell Telephone & Telegraph Co.*, 467 F.2d 95 (5th Cir. 1972).

AFFIRMED IN PART, VACATED IN PART AND REMANDED.