See also, Bkrtcy., 19 B.R. 740.

**In re Charles W. STRICKEL and Linda Strickel, Debtors.**

**Thomas J. GRIFFITH, Trustee, Plaintiff,**

v.

**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant.**

Bankruptcy No. 580–00087.

Adv. No. 581–0003.

United States Bankruptcy Court,
N. D. Texas,
Lubbock Division.

March 29, 1982.

Larry McEachern, Plainview, Tex., for debtors.

Walter J. Taylor, Joe Nagy, Lubbock, Tex., for Texas Farm Bureau Mut. Ins. Co.

Thomas J. Griffith, Lubbock, Tex., trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

On March 11, 1982, this Court entered order, concluding that the trustee should recover damages of $2,100.00 under the policy insuring a forklift and $15,728.24 under a policy insuring inventory, furniture, fixtures, tools and supplies. In that order the court had concluded that the trustee, who

had been granted leave to act as his own attorney, is entitled to recover reasonable attorney's fees. As attorney, the trustee was directed to file a chronological statement, setting out in detail not only the hours spent in prosecuting the action, but detailing how each of those hours was spent. Notice was timely given and a hearing on the application for attorney's fees was conducted on this date.

■■ The court is required to consider the factors mandated by *Johnson v. Georgia Highway Express*, 5th Cir. 1974, 488 F.2d 714, 717–19 (made applicable to bankruptcy proceedings by *In Re First Colonial Corporation of America*, 5th Cir. 1977, 544 F.2d 1291, cert. den. 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388) and to articulate how each of those factors contributed to this decision. *Davis v. Fletcher*, 5th Cir. 1979, 598 F.2d 469. The attorney has filed a chronological statement reciting the number of hours worked as attorney (with the time worked as Trustee listed separately as required by *In re Braswell Motor Freight Lines, Inc.*, 5th Cir. 1980, 630 F.2d 348, 351) and reflecting how each of those hours was spent. The chronological statement so filed by the attorney reflects total of 41.4 hours spent in preparation and prosecution of the action, including three hours of trial. He seeks compensation of the trial time at the rate of $150.00 per hour and the preparation time at the rate of $85.00 per hour, together with recovery of expenses of $132.57. However, the adoption of an approach for computation of requested fees on an hours-times-dollars approach, without more, does not satisfy the court's responsibility. *Miller v. Mackey International, Inc.*, 5th Cir. 1975, 515 F.2d 241.

The amount of time shown by the attorney for professional time spent in preparation and trial of this case reasonably represents the amount of time which a reasonably competent attorney would spend in preparing and trying the same type of case. The case involved unusual legal issues and, at least to the extent that entitlement to attorney's fees is involved, the case presented novel issues. The attorney possesses the requisite experience, reputation, ability and skill to properly perform the professional services and, in fact, did so perform in this case. He was not precluded of other employment as a result of his acceptance of this case and no unusual time limitations were imposed on him by the client. The case was not an undesirable [1] one.

■ The proceeding is one in bankruptcy and, therefore, the fee is contingent upon recovery being made for the benefit of the estate. The estate has no other funds from which payment of an attorney's fees could be made. Considering the recovery of $17,-828.24, and the fact that the usual and customary contingent fee in the vicinity of Lubbock, Texas, is one third of that total recovery, or $5,942.75, the fee sought by the attorney of $3,714.00 is a reasonable amount to be paid by the defendant insurance company to the attorney as the attorney's fee. In addition, the attorney should recover his necessary and reasonable expenses of $132.57.

■ I conclude, therefore, that the reasonable attorney's fee to be recovered by the trustee-attorney from the defendant insurance company, Texas Farm Bureau Mutual Insurance Company, is the sum of $3,714.00, and that the amount of recovery for necessary expenses by the trustee-attorney is the sum of $132.57. Amount of attorney's fees, if any, to which the attorney may be entitled in event of the appeal by the defendant of this decision shall be determined in the proper forum.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

1. In fact, the Court, having actual knowledge of the type of cases frequently handled by the attorney, finds that the instant case, in comparison, is a particularly clean one.