IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40481
Summary Calendar
_____

KENNETH J. MAGNUSON,

Plaintiff-Appellant,

versus

ELECTRONIC DATA SYSTEMS
CORPORATION; ET AL.,

Defendants

ELECTRONIC DATA SYSTEMS
CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 4:99-CV-128
_____
March 21, 2001

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth J. Magnuson appeals the Rule 41(b) dismissal with prejudice of his discrimination claims against Electronic Data Systems("EDS"). Because we find that the district court did not

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse its discretion in dismissing Magnuson's case after Magnuson repeatedly failed to comply with the court's orders, we affirm.

I

Magnuson filed his suit against EDS on April 1, 1999, in Texas state court. EDS removed the case to federal court on June 4, 1999. On October 5, 1999, EDS served Magnuson, through his attorney of record, with its first set of interrogatories and a request for production. The record reveals that Magnuson's counsel was unable to obtain information from Magnuson needed to properly respond to the requests.

On October 27, 1999, Magnuson's counsel filed a motion to withdraw, supplemented on November 19, 1999, asserting that he and Magnuson had "irreconcilable differences" regarding prosecution of the case. Counsel further informed the court that Magnuson had verbally assaulted employees in his office after the claim had been removed to federal court, and noted that he had tried several times, unsuccessfully, to get information from Magnuson in order to answer EDS's interrogatories.

In the meantime, Magnuson was busy filing motions with the district court, including a November 9, 1999 motion to quash his deposition and two pro se motions requesting an extension of deadlines. The court granted the motion to quash, but simultaneously ordered that Magnuson execute and furnish a

requested authorization for medical records before November 19, 1999. After receiving no response to its written discovery requests and the ordered authorization for medical records, EDS filed two separate motions to compel and requested sanctions on November 22 and 23, 1999.

On December 9, 1999, the district court held a hearing on all pending motions. The court found that Magnuson's delays and failure to respond to discovery requests and court orders were caused by him, not his attorney, and imposed monetary sanctions of $250 on Magnuson, to be paid by December 24, 1999. Thereafter, the court allowed Magnuson's counsel to withdraw, but ordered Magnuson to retain new counsel, who was to file an appearance by January 14, 2000. The court also extended the deadline for Magnuson's discovery responses to January 28, 2000, and gave Magnuson authorization to amend his pleadings. In this hearing, the court specifically warned Magnuson that it would "consider dismissing this cause of action" if Magnuson failed to meet the court's extended deadlines.

Magnuson continued to file motions following the December 9 hearing. On December 16, he filed a motion for leave to proceed in forma pauperis, seeking to be excused from paying the sanctions. That same day he filed a motion for extension of time in which to pay the sanctions. On December 21, he filed a motion for a

3

rehearing on all motions heard on December 9. On January 3, 2000, Magnuson filed another motion to reconsider all motions heard on December 9. The district court denied all of these motions in an order dated January 19, 2000.[1]

On January 11, 2000, after Magnuson failed to pay the sanctions, EDS filed a motion to dismiss the plaintiff's claim with prejudice. EDS supplemented that motion on February 24, 2000, asserting that Magnuson had failed to comply with the district court's order that he retain new counsel and had also failed to respond to EDS's discovery requests.[2] On March 29, 2000, having still not complied with the district court's orders on discovery and sanctions, Magnuson filed yet another motion for relief from one or more of the court's earlier orders.[3]

---

[1]In its ruling, the district court specifically noted that Magnuson failed to comply with the order that he obtain new counsel before January 14 and did not demonstrate his inability to employ such counsel. The court found that Magnuson presented no evidence to support his claim that health problems prevented him from complying with all court orders and discovery requests. The court noted that Magnuson's health had not prevented him from "argu[ing] before the court in a vigorous and articulate manner" and filing numerous motions during the time he could have been complying with the court orders.

[2]In the meantime, Magnuson had filed a motion to extend the discovery deadlines and a motion for leave to amend on February 2, 2000. These motions were denied on February 22 and 28, respectively.

[3]The precise nature of the relief Magnuson sought in this motion is unclear.

4

On April 7, 2000, the district court granted EDS' motion to dismiss with prejudice and entered a final judgment against Magnuson.

II

The relevant portion of Rule 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

We review an appeal of a dismissal with prejudice under Rule 41(b) for an abuse of discretion.  Long v. Simmons, 77 F.3d 878, 879 (5th Cir. 1996).  However, Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of "a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice."  Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987) (citation omitted).

We cannot say that the district court abused its discretion in dismissing Magnuson's case.  First, Magnuson continually refused to comply with the court's orders, including the order to pay sanctions, the order to sign the authorization for medical records, and the order to comply with EDS' discovery requests.  See Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981)

(considering whether the "plaintiffs disobeyed court orders" in its review of a Rule 41(b) dismissal). Magnuson also failed to obtain new counsel after the court granted him a reasonable period of time to do so.[4] We have found such a failure to be a relevant factor to be considered by a court when ruling on a motion to dismiss. Anthony v. Marion County General Hospital, 617 F.2d 1164, 1167 (5th Cir. 1980).[5]

Second, the record reveals that Magnuson himself was fully aware of the court's deadlines and orders, and we accept the court's finding that Magnuson, not his counsel, was responsible for the delays and non-compliance with court orders.[6] This court has

---

[4]We are sensitive to the fact that Magnuson was acting pro se from December 1999 until the entry of a final judgment in April 2000. However, Magnuson was given ample time to find new counsel, and he failed to produce evidence as to why he could not obtain counsel before January 14, 2000. See Anthony, 617 F.2d at 1169 ("We believe that even a non-lawyer should realize the peril to [his] case, when [he] ignores the necessity to obtain new counsel. . . . Even a non-lawyer should realize the need to communicate either with the court or with opposing counsel.").

[5]Magnuson argues that the district court improperly dismissed his claims because he was acting pro se and was unable to prosecute his case on his own. However, the record reveals that this case was not Magnuson's first pro se experience in a court of law. In fact, since 1992, Magnuson has represented himself in at least four other lawsuits in Denton and Tarrant Counties, Texas. Incidentally, each of these claims were, at least in part, dismissed for want of prosecution.

[6]Given that the dismissal of Magnuson's case was based on his failure to comply with orders after his counsel withdrew, we cannot accept Magnuson's argument that his counsel is to blame for the delays.

6

considered the fault of the plaintiff in the delay a key factor in reviewing a Rule 41(b) motion.  See, e.g., Veazey v. Young's Yacht Sale and Service, 644 F.2d 475, 478 (5th Cir. 1981) ("We subscribe to the view that involvement of the litigant in the delay is a material factor in weighing remedies"); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).  Magnuson never produced any evidence as to why he was prevented from complying with court orders and discovery deadlines.[7]

Finally, the district court resorted to dismissal with prejudice only after imposing lesser sanctions on Magnuson and warning him that his claim would be dismissed if he continued to ignore orders and deadlines.  See Simmons, 77 F.3d at 880 (noting that dismissal is appropriate only if "the district court employed lesser sanctions before dismissing the action.").  Indeed, Magnuson failed to even comply with the lesser sanctions imposed by the court.  Under these circumstances, we cannot say that the district court abused its discretion when it dismissed Magnuson's claim after over six months of unexcused delay and noncompliance.

III

---

[7]Magnuson argues that the dismissal should be reversed because his purported health problems, stemming in part from a car accident in January 2000, prevented him from prosecuting his case.  However, Magnuson's prolific filing of pro se motions from October 1999 through March 2000 belies his argument that he was unable to comply with court orders and was unaware of deadlines.

In sum, we find that the district court did not abuse its discretion in granting EDS' motion for dismissal with prejudice under Rule 41(b).  The judgment of the district court is

A F F I R M E D.

8