# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2010

No. 10-30321
Summary Calendar

Lyle W. Cayce
Clerk

RICHARD C. BENTLEY,

Plaintiff – Appellant

v.

BOBBY FANGUY,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-600

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard C. Bentley brought suit against his former neighbor, Bobby Fanguy for alleged violations of the Clean Water Act (CWA). The district court dismissed the lawsuit pursuant to Rule 12(b)(6) and taxed Bentley with costs. In a subsequent order, the district court awarded Fanguy $5,976 in attorney's fees. On appeal, Bentley does not challenge the dismissal of his complaint, but rather argues that the district court erred in awarding Fanguy attorney's fees

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he is not a "prevailing or substantially prevailing party" for purposes of the Clean Water Act.

We review "the district court's award of attorney's fees for abuse of discretion." *Gagnon v. United Technisource Inc.,* 607 F.3d 1036, 1043 (5th Cir. 2010) (citation omitted). The district court summarily dismissed Bentley's complaint and subsequently awarded attorney's fees after conducting a hearing in which the court concluded:

> I don't think this [complaint] complies with the Clean Water Act. I think it is a tremendous stretch of the imagination. This is a – this is litigation between two neighbors, who, for whatever reason, can't get along. And whatever problems there are, this belongs in state court where it is firmly rested and I am going to dismiss this action at plaintiff's cost.

Bentley argues that the district court erred in awarding Fanguy attorney's fees as a prevailing or substantially prevailing party because the dismissal of the lawsuit obtained by Fanguy did not create a material alteration of the parties' legal relationship. We disagree.

The "American Rule" is the starting point for fee awards: Even prevailing litigants are ordinarily not entitled to attorney's fees from the losing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.,* 532 U.S. 598, 602 (2001). Under the American Rule, a fee-shift is allowed only if there is some "specific and explicit" statutory exception. *See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975). Under the CWA, Congress has provided for such a fee-shift in 33 U.S.C. § 1365(d), which, in relevant part provides:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is

2

appropriate.

*Id.* While this court has not specifically addressed whether a defendant who obtains a dismissal with prejudice is a prevailing or substantially prevailing party for purposes of the CWA, we have considered that question in analogous areas.

In *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* the Supreme Court interpreted § 304(d) of the Clean Air Act (CAA), which authorizes an award of attorney's fees to a successful party. 478 U.S. 546, 560 (1986). Relevant here, the Court interpreted § 304(d) of the CAA in the same manner as the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, stating "[g]iven the common purpose of both § 304(d) and § 1988 to promote citizen enforcement of important federal policies, we find no reason not to interpret both provisions governing attorney's fees in the same manner." *Id.* "The language of § 304(d) of the CAA is essentially the same as § 1365(d), the attorney's fees provision of the CWA before us today." *St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1062-1063 (9th Cir. 2009). "The only difference is the absence of any 'prevailing party' language in § 304(d), but the Supreme Court has read 'prevailing party' into § 304(d) and other attorney's fees provisions in environmental statutes." *Id.* (citing *Penn. v. Del. Valley Citizens' Council for Clean Air* ("*Delaware Valley II*"), 483 U.S. 711, 713 (1987); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682 n.1 (1983)).

In *Anthony v. Marion County General Hospital,* we concluded that a defendant was a prevailing party under § 1988 when a plaintiff's Title VII racial discrimination suit was involuntarily dismissed with prejudice for want of prosecution. 617 F.2d 1164, 1169–70 (5th Cir. 1980). We stated that:

> Although there has not been an adjudication on the merits in the

3

> sense of a weighing of facts, there remains the fact that a dismissal with prejudice *is deemed an adjudication on the merits* for the purposes of res judicata. As such, the [defendant] has *clearly prevailed in this litigation.*

*Id.* (5th Cir. 1980) (emphasis added); *see also, e.g., Schwarz v. Folloder,* 767 F.2d 125, 130 (5th. Cir. 1985) ("[A] dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits.").

Fanguy obtained a dismissal with prejudice of Bentley's CWA claim. This outcome gave Fanguy "the full relief to which he is legally entitled and is tantamount to a judgment on the merits." *Id.* As such, Fanguy has "clearly prevailed in this litigation," *Anthony*, 617 F.2d at 1170, and, as such, the district court did not err in awarding him attorney's fees under the CWA as a prevailing party.

The judgment of the district court is AFFIRMED.