[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10120
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-01931-MHH

MANDY POWRZANAS,

                                                            Plaintiff-Appellant,

versus

JONES UTILITY AND CONTRACTING CO. INC.,
RICHARD JONES,
PATRICIA JONES,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 27, 2020)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Mandy Powrzanas appeals the district court's grant of Jones Utility and Contracting Co., Inc.'s ("Jones Utility"), Richard Jones's, and Patricia Jones's (collectively "the Defendants") motions to dismiss the instant matter ("*Powrzanas II*"). Powrzanas had unsuccessfully sued Jones Utility before in *Powrzanas v. Jones Utility and Contracting Co., Inc.*, No. 2:17-cv-975-GMB (N.D. Ala. Sept. 11, 2019) ("*Powrzanas I*"). Powrzanas challenges two conclusions of the district court in the instant matter: (1) that her retaliation claim[1] under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(a), was barred by claim preclusion; and (2) her 42 U.S.C. § 1985(2) conspiracy claims[2] were barred by issue preclusion. We address each of Powrzanas's challenges in turn.[3]

I.

We review an order granting a motion to dismiss *de novo*, applying the same standards as the district court. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008). In the Rule 12(b) context, a court generally may not consider materials outside of the complaint without first converting the motion to dismiss into a motion for summary judgment. *Day v. Taylor*, 400 F.3d

---

[1]    Powrzanas's ADA retaliation claim alleged that Jones Utility filed a state lawsuit against her in retaliation for her making ADA complaints against Jones Utility, her former employer (complaining of disability discrimination and a failure to accommodate).

[2]    Powrzanas's § 1985(2) conspiracy claims alleged that Richard Jones had attempted to intimidate or threaten her by following her car or by pulling out into a street in front of her car when they met on a public street.

[3]    Other claims asserted by Powrzanas in the district court are either expressly abandoned on appeal, or are abandoned by failing to fairly raise them in her appellate briefing.

2

1272, 1275-76 (11th Cir. 2005). A court may consider a document that has been attached to a motion to dismiss, however, if it is central to the plaintiff's claims and its authenticity has not been challenged. *Id.* at 1276. Whether *res judicata* applies is a question of law that we review *de novo*. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

*Res judicata* generally refers to two separate concepts: claim preclusion and issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). We first address Powrzanas's challenge to the district court's dismissal (claim preclusion) of her ADA retaliation claim, and then address her challenge to the district court's dismissal (issue preclusion) of her § 1985(2) conspiracy claims.

II.

Claim preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has already been litigated and decided. *Id.* A claim is precluded if (1) there was a final judgment on the merits in the prior case; (2) a court of competent jurisdiction rendered the prior decision; (3) the parties, or individuals in privity with the parties, are identical in both cases; and (4) the same cause of action is involved in both cases. *Griswold*, 598 F.3d at 1292.

A judgment dismissing a case with prejudice acts as a judgment on the merits for purposes of claim preclusion. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980). On the other hand, a dismissal "without prejudice

3

is not an adjudication on the merits and thus does not have a *res judicata* effect." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003). A dismissal for failure to state a viable claim, either under Rule 12(b)(6) or Rule 41(b), is an adjudication on the merits if the district court did not indicate whether it dismissed the case with or without prejudice. *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990); *see also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits."); *Bryant v. Rich*, 530 F.3d 1368, 1376 n.12 (11th Cir. 2008) (noting that a court generally decides a 12(b)(6) motion on the merits). The *res judicata* consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong. *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012).

Here, the district court did not err in concluding that Powrzanas's ADA retaliation claim predicated upon Jones Utility's state lawsuit was barred by claim preclusion. In *Powrzanas I*, Jones attempted to bring an ADA retaliation claim predicated upon Jones Utility's state lawsuit in an amended complaint. The *Powrzanas I* court, in addressing Jones Utility's motion to dismiss that amended complaint, reached the merits of that retaliation claim, and held that Powrzanas's allegations failed to state a claim upon which relief may be granted. Thus, the

4

*Powrzanas I* court granted Jones Utility's motion to dismiss and struck the amended complaint. Because the *Powrzanas I* court's order dismissing the amended complaint did not specify it was doing so without prejudice, that dismissal was an adjudication on the merits. Accordingly, we affirm as to this issue and turn to Powrzanas's challenge to the district court's finding on issue preclusion.

### III.

Issue preclusion "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra*, 465 U.S. at 77 n.1. Issue preclusion has four elements:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003) (quotation marks omitted).

To be identical, the issues must have been litigated expressly or by implication in the prior case. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1149-50 n.3 (11th Cir. 1990). The two cases must involve identical events or transactions; it is not enough for events or transactions to be similar in nature and close in time. *In re McWhorter*, 887 F.2d 1564, 1567-68 (11th Cir. 1989). To

distinguish the issues, a party must identify only one materially different fact altering the legal issue in the case. *CSX Transp., Inc.*, 327 F.3d at 1317-18.

"When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)). Notably, "the finality requirement is less stringent for issue preclusion than for claim preclusion." *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000). Claim preclusion applies only when a final judgment is entered, but issue preclusion requires only that the adjudication of an issue "be sufficiently firm to be accorded conclusive effect." *See id.* at 1339 n.47 (quotation marks omitted). When a judgment addresses only one issue, that issue is a critical and necessary part of the judgment. *See Bush v. Balfour Beatty Bah., Ltd. (In re Bush)*, 62 F.3d 1319, 1321-22 (11th Cir. 1995).

Section § 1985(2) prohibits class-based retaliation for testifying in federal courts. 42 U.S.C. § 1985(2); *see Chavis v. Clayton Cty. Sch. Dist.*, 300 F.3d 1288, 1292-93 (11th Cir. 2002). The ADA makes it unlawful to coerce, intimidate, threaten, or interfere with any individual for asserting her rights under the ADA. 42 U.S.C. § 12203(b). A court will grant preliminary injunctive relief if the movant demonstrates that: (1) there is a substantial likelihood of success on the

6

merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction is issued, and (4) an injunction would not disserve the public interest. *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1273-74 (11th Cir. 2013).

The district court did not err in finding that Powrzanas's § 1985(2) claims were barred by issue preclusion. The dispositive issue—whether Richard Jones engaged in retaliatory conduct when he encountered Powrzanas in traffic—was identical to the factual issue presented in Powrzanas's two motions for a restraining order in *Powrzanas I*, the issue was actually litigated in *Powrzanas I* through briefs and two evidentiary hearings, the issue was a critical and necessary part of the *Powrzanas I* court's orders denying those motions, and Powrzanas had a full and fair opportunity to litigate the issue. Accordingly, we affirm as to this issue and uphold the district court's grant of dismissal for the Defendants.

**AFFIRMED.**

7