Dorothy **CATCHINGS, et al., Plaintiffs,**

v.

**CITY OF CRYSTAL SPRINGS,
MISSISSIPPI, et al.,
Defendants.**

**Civ. A. No. J85–0167(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 14, 1986.

---

Carroll Rhodes, Hazelhurst, Miss., for plaintiffs.

Dennis Horn, Horn & Payne, Jackson, Miss., Bob Lawrence, Crystal Springs, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of plaintiffs for attorney fees in reference to their complaint alleging violations of section 2 of the Voting Rights Act and the fourteenth and fifteenth amendments to the Constitution. In their complaint, plaintiffs sought a revised plan for election of members of the Crystal Springs Board of Aldermen, certification of class and costs and attorney fees. Ten days after initiation of this suit, the Crystal Springs Board of Aldermen voted to take action to prepare a plan for a form of government which would comply with the Voting Rights Act. At public meetings held to consider the proposed plan, plaintiffs and their attorney made comments which resulted in changes to the original plan. The plan was precleared and submitted to the

Department of Justice although plaintiffs registered complaints. Thereafter the parties entered an agreed judgment adopting the precleared plan and scheduling elections which had previously been stayed.

Plaintiffs' attorney requests fees of $75.00 per hour for 104 hours, $37.50 per hour for 23 hours of travel, court costs of $245.00 and expenses of $188.77.

■ Reasonable attorney fees may be awarded to "the prevailing party" "in any action or proceeding to enforce the voting guarantees of the fourteenth and fifteenth amendments," 42 U.S.C. § 1973*l* (e), and "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 ..." Defendants admit, and this court agrees, that plaintiffs are the "prevailing part[ies]" as to the change of government issues as contemplated by the statutes. Defendants also agree that $75.00 per hour is the appropriate rate to be used.

■ Plaintiffs' attorney submitted a record of his costs and fees by affidavit. The court is of the opinion that fees are not available for time spent on ministerial duties such as photocopying and these hours are disallowed. The plaintiffs' motion for class certification was not granted so fees incurred for work on that issue are not allowed. Plaintiffs also request fees for work relating to preclearance by the Department of Justice. In *Posada v. Lamb County*, 716 F.2d 1066 (1983), the Fifth Circuit found it "unnecessary to decide in this case whether attorney's fees can ever be awarded for participation in a preclearance review." *Id.* at 1074. The court held, however, that

> if fees can be obtained at all for private opposition mounted in a preclearance review, which review resulted in the Attorney General's expression of dissatisfaction with the plan, the award must be justified by a showing that the private objectors' participation ... changed the result that the Attorney General would otherwise have reached.

*Id.* at 1075. Such is clearly not the case here where, in spite of plaintiffs' comments, the Attorney General precleared the submitted plan without modification. The court is of the opinion, however, that plaintiffs' comments made when the defendants were developing the plan to submit, did have the requisite direct effect on defendants' decision to modify the plan. Hence, fees are allowed for hours spent on the plan before submission but not after that time. Fees are also disallowed regarding time for which there is an insufficient description of work done.

■ After revising plaintiffs' request in light of the above, 48.5 compensable hours remain. The " 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorneys' fee ... [but] 'in some cases of exceptional success an enhanced award may be justified.' " *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). To determine whether an enhancement is appropriate, the court considers the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). The time and labor required is reflected in the number of hours. The case involved little novelty and difficulty as the legal issues contained in a form of government challenge under the Voting Rights Act are clearly established; additionally, the defendant quickly responded by initiating procedures to alter the form of government. Some, although not exceptional, skill was required to perform the legal services properly. The preclusion of employment by the attorney due to his acceptance of this case as well as time limitations imposed by the client or circumstances is reflected in the number of hours. The customary fee is $75.00 per hour. Plaintiffs did obtain the results sought in that Crystal Springs altered its form of government; little legal work, however, was involved in obtaining the results because the city immediately capitulated. Additionally, no class was ever certified as requested in the complaint. The plaintiffs' attorney is experienced, having practiced

for more than seven years, and is of good repute and ability. Voting Rights Act cases are generally undesirable, although not so much as in the past. The professional relationship between attorney and plaintiffs is not such that its longevity would lead to reduced fees. *See Kirksey v. Danks,* 608 F.Supp. 1448, 1458 (S.D.Miss. 1985). The fee arrangement is contingent. Accordingly, this court is of the opinion that the use of an enhancement factor is not appropriate.

The court further finds that the use of an hourly rate at one-half of the normal fee is proper for travel time. Plaintiffs are allowed travel, costs and expenses incurred in regard to work found to be compensable.

It is therefore, ordered that plaintiffs are awarded the following:

| | |
|---|---|
| Attorney fees | $3,656.25 |
| Travel | 525.00 |
| Costs and expenses | 183.72 |
| Total | $4,364.97 |