**Phyllis JACKSON, Plaintiff-Appellant,**

v.

**COLOR TILE, INC.,
Defendant-Appellee.**

**No. 86–4326
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1986.

Morris & Turnage, Ellis Turnage, Cleveland, Miss., George C. Cochran, University, Miss., for plaintiff-appellant.

Levingston & Jacks, Alfred A. Levingston, Cleveland, Miss., for defendant-appellee.

Before GEE, REAVLEY, and JOLLY, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is whether the district court erred in determining that appellant's Title VII case was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith" so as to warrant an award of attorney's fees to the defendant under the quoted rubric of *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Neither the amount of the award nor the court's disposition of

the merits of the cause is called in question before us. Nor is any factual finding of the trial court. We affirm.

The trial court found as fact that appellant Jackson, a black woman, was employed by the defendant in a probationary status for six weeks in 1983. During that period of approximately 240 normal work hours, she was absent for 74.5 hours, about a third of the time. All but three of these hours represented excused absence. As the end of her probationary period drew nigh, she was discharged by her black supervisor for "excessive absenteeism" and replaced by another black female. Blacks constituted a considerably larger percentage of the defendant's work force than did whites; the numbers of whites and blacks discharged for excessive absenteeism, however, were about the same. It is therefore apparent that proportionately more whites than blacks were discharged for this cause. The employee handbook of defendant makes plain that all absences of a probationary employee can be considered in determining whether his work record is satisfactory, although excused absences of regular employees are not counted for this purpose.

At trial, Ms. Jackson produced little, if anything, in support of her claim of a racially-motivated discharge except her own assertions that, contrary to the handbook, excused absences should not have been counted against her as a probationary employee, that some white probationers with more *un*excused absences than she had not been terminated, and that her black supervisor told her that it was not his idea to terminate her but that of his white supervisor—an assertion that her supervisor flatly denied and which the trial court did not credit.

The Supreme Court holds that the purpose of Congress in permitting prevailing defendants to recover attorney's fees in such actions as this is to discourage frivolous suits and to deter the bringing of unfounded ones. *Christiansburg*, 434 U.S., at 420, 98 S.Ct. at 699–700. As the trial court correctly noted, there was no direct evidence of any intentional racial discrimination against Ms. Jackson and no statistical showing of disparate treatment or effect, except under the inapplicable criterion by which only the number of unexcused absences is considered against an employee—a criterion limited in application to regular employees of the defendant. All of the other evidence, much of which we have recited, was to the contrary. We cannot say that the determination of the trial court that the action was without foundation was error.

AFFIRMED.