**Doris Hill SHIRLEY, Plaintiff,**

v.

**CHRYSLER FIRST, INC., Defendant.**

**No. EC89–326–S–D.**

United States District Court,
N.D. Mississippi, E.D.

May 22, 1991.

Barbara W. Clark, Bennie Jones, West Point, Miss., for plaintiff.

Joseph N. Studdard, W. David Dunn, Columbus, Miss., for defendant.

## OPINION

SENTER, Chief Judge.

On or about January 28, 1991, this court determined that defendant retaliated against plaintiff for filing an EEOC charge and awarded plaintiff front and back pay in the amount of $63,678.00. This cause is now before the court on plaintiff's motion for attorneys' fees.

Plaintiff's counsel, Ms. Barbara Clark and Mr. Bennie Jones, have requested attorneys' fees and costs in the amount of $51,532.15 ($18,291.00 for attorneys' fees— 119.25 hours [1] at $90.00 per hour for Clark; 60 hours at $125.00 per hour for Jones; plus $32,242.00 for enhancement—and $999.15 for costs). Counsel have submitted the requisite affidavits, a supporting mem-

orandum discussing the applicability of the *Johnson* factors to the instant case, and an account outlining the hours expended on plaintiff's case and the tasks performed. They have also presented affidavits from four local attorneys who opined about the prevailing hourly rates and the appropriateness of an enhancement in this case.

In response, defendant contends that the amount of plaintiff's requested fees is unreasonable and should be reduced. Defendant also argues against any enhancement. Further, defendant, maintaining that it is the prevailing party on the sex discrimination issue, moves for an award of attorneys' fees.

■ In determining a reasonable attorney's fee, the court must consider the twelve *Johnson* factors [2] and explain the basis for the award. The awarding court is to consider these twelve factors in light of the following directions:

(1) Ascertain the nature and extent of the services supplied by the attorney;

(2) Value the service according to the customary fee and quality of the legal work; and

(3) Adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case.

*Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092 (5th Cir.1982). The result of multiplying (1) and (2) is the "lodestar." *Nisby v. Commissioners Court of Jefferson County,* 798 F.2d 134, 136 (5th Cir.1986). The lodestar may then be adjusted once the district court considers the applicable remaining *Johnson* factors. *Nisby,* 798 F.2d at 136.

■ In determining the nature and extent of the attorney's services, the Fifth Circuit's discussion of the first *Johnson* factor—the time and labor required—is instructive:

---

1. Ms. Clark requested compensation for 119.9 hours; however, the court's computation does not balance with this figure. After three attempts to account for the missing minutes, the court is confident that there has been only a simple mathematical error and will figure Ms. Clark's fee based on the court's tabulation.

2. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). Because these factors are well-known to every practicing attorney in this circuit, the court finds no reason to enumerate them here; each factor will be considered in due course.

It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Johnson,* 488 F.2d at 717. In *Coalition to Preserve Houston v. Interim Board of Trustees,* 494 F.Supp. 738 (S.D.Tex.1980), the district court expanded on this concept, stating:

> The Court distinguishes three categories of the type of work performed: (1) strictly legal activities, which include legal research, writing, and court appearances; (2) legally related activities, which include conferences, telephone calls, and other correspondences; and (3) routine administrative activities, which include travel time, clerical work, and compilation of facts and statistics. For purposes of the application of different rates to different types of work, the first category will be referred to as work on the merits of the case; the second category will be called informal communications; and the third category will be referred to as non-legal work.

*Id.* at 745–46.[3] Further, fees should not be allowed for hours which were not reasonably expended, i.e., hours which are excessive, redundant, or unnecessary. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

■ As indicated in the introduction, plaintiff's counsel, Ms. Clark and Mr. Jones, request compensation for their representation at the rates of $90 and $125 per hour, respectively. They have submitted affidavits from local attorneys who state that the customary hourly rate in this area ranges from $65 to $150 per hour. Each concludes that the rate requested by plaintiff's counsel is reasonable. Of course, defendant objects to these hourly rates but offers no evidence (except the affidavits of defendant's own counsel) to persuade this court that the request is unreasonable or out of line with the customary hourly fee in this area.

In light of the above authorities and this court's experience, the court makes the following conclusions with regard to Ms. Clark: 57 hours and 35 minutes fit within category one; 5 hours and 15 minutes, within category two; 3 hours and 40 minutes, within category three. The court has reduced or disallowed some of Ms. Clark's entries as excessive, redundant, or unnecessary.

The court notes that there are various billing methods which take into account different increments of time. Plaintiff's counsel have charged in a straight time fashion. The court followed this method in arriving at a total for each category. However, this is not easily translated when determining a lodestar. Therefore, the 35 extra minutes in category one will be treated as a half hour (.5), the 15 extra minutes in category two will be treated as a quarter hour (.25), and the 40 extra minutes in category three will be treated as three-quarters of an hour (.75). Therefore, giving due consideration to the time and labor involved, the customary fee, the amount involved and the results obtained, the skill required to try this case, and the experience, reputation, and ability of the attor-

**3.** This approach has been adopted by this court in past decisions. For example, in *Cobbs v. Grenada County, Mississippi,* No. WC84–136–S–O 1989 WL 251321 (N.D.Miss. Sept. 13, 1989) (unreported opinion), this court categorized plaintiff's requested attorney's fees and elaborated on the Texas court's guidelines:

> Work on the merits entails drafting motions, responses, and a memorandum; legal research and brief writing; preparation of clients for and personal participation in depositions; and conferences with the court. Informal communications are comprised of conferences with opposing counsel, clients, and witnesses; all correspondence involving defense counsel ... or the court; and review of motions, responses, orders, [and] opinions.... Other than travel, Category 3 is preparation of notices and cover letters, normally performed by a secretary; and review of a cancellation of a pre-trial conference, a simple scheduling matter.

*Cobbs,* at 12 n. 17. *See also Hallman v. Devaughn,* No. EC89–83–S–D 1991 WL 109978 (N.D.Miss. January 25, 1991) (unreported decision).

ney, the appropriate lodestar for Ms. Clark is as follows:

| | |
|---|---|
| Category 1—57.5 hours × $90.00 per hour = | $5,175.00 |
| Category 2—5.25 hours × $65.00 per hour = | 341.25 |
| Category 3—3.75 hours × $40.00 per hour = | 150.00 |
| | $5,666.25. |

As for Mr. Jones, who became involved with this case only weeks before trial, the calculations are somewhat simpler:

| | |
|---|---|
| Category 1—28.0 hours × $125.00 per hour = | $3,500.00 |
| Category 2—00.0 hours × $ 75.00 per hour = | 0.00 |
| Category 3—00.0 hours × $ 50.00 per hour = | 0.00 |
| | $3,500.00. |

Where Ms. Clark and Mr. Jones each charged for basically identical entries, only one award will be made. This, of course, does not apply to the trial itself in which both attorneys participated; for that endeavor, the amount of time requested by each was included in the respective lodestar calculations above. Each of the duplicated entries involves category one activities, and the court has determined that a reasonable hourly fee for these activities is $107.50.[4] Accordingly, that lodestar amount equates as follows:

42.0 hours × $107.50 = $4,515.00.

Plaintiff's counsel may divide this amount as they see fit.

■ Ms. Clark requests costs in the amount of $999.15. With the exception of one entry, all expenses appear reasonable and necessary. The court is disallowing the request for reimbursement of $300.00 for the daily transcript of trial testimony of two witnesses. Plaintiff was represented by two attorneys, thus facilitating the taking of copious notes by the non-examining attorney. This case was not a complicated case which warranted the transcription of daily testimony. Neither was it required by the court for its decision. All other costs are allowed, for a total of $699.15.

■ Plaintiff requests an enhancement of 200% because of the novelty and difficulty of the issues presented (specifically, the shifting burdens of proof), the extraordinary skill required, and the fact that this case was taken on a contingency basis and that there will be a delay in payment. Each of these bases will be discussed in turn.

The court is of the opinion that the issues presented in the instant case were not novel or difficult. The burdens of proof which must be carried by each party in age and sex discrimination and retaliation cases are well established and easily researchable. *See, e.g., Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Jack v. Texaco Research Center*, 743 F.2d 1129 (5th Cir.1984). Therefore, no enhancement on this ground is warranted.

Plaintiff's counsel next contends that an enhancement should be awarded because of the "attorneys' demonstrated skill, dedication, determination, and ability." Indeed, Ms. Clark and Mr. Jones were successful in achieving a verdict for their client, but the court expects every attorney appearing be-

---

**4.** This figure was arrived at by averaging $90.00 per hour and $125.00 per hour.

fore it to be skillful, dedicated, determined, and able, regardless of the results. The court finds nothing extraordinary about the facts or the issues in this case which calls for an upward adjustment of the lodestar on this basis.

Plaintiff requests "delayed receipt compensation in the form of interest on the fee from the month of charge at a rate of 12%." The court has already declined to award prejudgment interest in this case and finds that no evidence has been presented to persuade this court that a delayed payment enhancement should be awarded. *Cf. Islamic Center of Mississippi v. City of Starkville,* 876 F.2d 465, 473 (5th Cir.1989) (cause remanded for consideration of delayed payment enhancement; evidence submitted by plaintiff's counsel in support of such enhancement included attorney's affidavit stating charges for regular monthly clients and itemizing monthly bills for plaintiff and including therein past due amounts and accrued interest). The court has based the attorneys' fees award on the hourly rates which counsel state are their current billing rates, not on historical billing rates (rates effective at the time services were rendered). *See Islamic Center,* 876 F.2d at 473. These current rates adequately compensate counsel for their representation.

■ Finally, counsel request enhancement because of the contingent nature of their fee. An enhancement of the lodestar is appropriate for this reason "only if the applicant can establish that (1) 'without an adjustment for risk the prevailing party "would have faced substantial difficulties in finding [competent] counsel in the local or other relevant market," ' and (2) the market rate of 'compensation for ... contingent fee cases *as a class*' was different from cases in which payment was certain, win or lose." *Islamic Center,* 876 F.2d at 470–71 (quoting *Pennsylvania v. Delaware Valley Citizens' Council,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (O'Connor, J., concurring in part and concurring

in the judgment) (emphasis in original)). The party seeking enhancement bears the burden of proving these two requirements. *Islamic Center,* 876 F.2d at 472.

■ With these guidelines in mind, plaintiff's counsel has submitted affidavits from four area attorneys who repeat the following litany:

> Contingency cases as a group or a class are treated differently in this area. An attorney handling such cases can expect to receive a fee of two to three times their regular hourly rate. Lawyers in this area would be unlikely to accept such contingency cases unless a higher than regular hourly rate was obtained. This rural market has few attorneys familiar with Federal Civil Rights litigation. Without a substantial enhancement for contingency cases, there would be, as a practical matter, no attorney willing to accept these types of cases on a contingency basis.

> Title VII contingency cases must compete with all other contingency cases for a lawyer's time. Title VII cases are at a marked disadvantage in that these cases tend to create public controversy, are more difficult to prosecute and, generally, are disfavored. Without enhancement of fees, I [the undersigned attorney] feel confident that the local legal market would not provide competent counsel to represent Plaintiffs on a contingency fee basis in such cases.

This is identical to the affidavits presented in *Islamic Center.*[5] Defendant's counsel come close to committing the same error in this case as did defendant's counsel in *Islamic Center.* In that case, defendant "presented no affidavits or any other evidence contradicting the affidavits [plaintiff's counsel] proffered." *Id.* In the present case, defendant offers only the affidavits of its own attorneys to refute the affidavits of attorneys who have no direct interest in the outcome of this litigation. Under these circumstances, the court finds an enhancement of $7,544.75 to be appro-

---

**5.** In fact, one of the attorneys submitting affidavits in the instant case was the attorney for

Islamic Center.

priate. In reaching this conclusion, the court has considered not only the contingent nature of the fee but also the amount involved [6] and the results achieved and the undesirability of this case.

Ms. Clark and Mr. Jones candidly admit that the *Johnson* factors addressing preclusion of other employment and nature and length of the professional relationship are inapplicable. The court has carefully reviewed all of the documents presented and the argument of counsel and concludes that the court's award in the instant case and present day is in line with awards in similar cases. *See, e.g., Catchings v. City of Crystal Springs,* 626 F.Supp. 987, 989–90 (S.D.Miss.1986) (allowing $75.00 per hour for legal work and $37.50 per hour for travel time and disallowing ministerial work); *Kirksey v. Danks,* 608 F.Supp. 1448, 1456, 1459 (S.D.Miss.1985) (allowing $100.00 per hour for legal services and $50.00 per hour for travel time); *Henry v. First National Bank,* 603 F.Supp. 658, 668 (N.D.Miss.1984) (allowing rates ranging from $65.00–$100.00 for attorneys with varying levels of experience).

Finally, the court must consider whether defendant's counsel are entitled to an award of attorneys' fees. Defendant bases its request on the argument that plaintiff's claims against this defendant were separate and distinct and thus can be severed into discrete categories for the purpose of awarding attorney's fees.

The court is not persuaded by this argument. Plaintiff's claim of retaliation, upon which she prevailed at trial, is clearly related to her claims of age and sex discrimination. All of her claims centered around the hiring of Bob Garner, a 37–year–old male, for the position of branch manager. The retaliation occurred only after plaintiff filed an EEOC charge alleging discrimination.

A defendant in a Title VII case is entitled to recover attorney's fees "only upon a showing that the plaintiff's action was frivolous, unreasonable, groundless, or made in bad faith, or that the plaintiff continued to litigate after it clearly became so." *Trevino v. Holly Sugar Corp.,* 811 F.2d 896, 906 (5th Cir.1987). The court is of the opinion that defendant has failed to make this requisite showing and is thus not entitled to an award of attorneys' fees.

It is not known what efforts were undertaken to resolve this fee issue, but counsel are reminded of the following advice in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974): "In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees. Although a settlement generally leaves every litigant partially dissatisfied, so does a judicial award for attorney's fees." *Johnson,* 488 F.2d at 720.

An appropriate order shall issue.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pursuant to an opinion filed contemporaneously herewith, it is ORDERED:

That attorney Barbara Clark recover attorney's fees in the sum of $5,666.25 and costs in the sum of $699.15;

That attorney Bennie Jones recover attorney's fees in the sum of $3,500.00;

That these attorneys recover attorneys' fees in the sum of $12,059.75, to be divided as they see fit;

That defendant's motion for attorneys' fees is not well taken and is denied.

SO ORDERED.

---

**6.** The total fee awarded to the attorneys ($21,226.00) is one-third of the plaintiff's judgment.