**Lisa HERDAHL, on behalf of herself and her minor, school-age children, Plaintiff,**

v.

**PONTOTOC COUNTY SCHOOL DISTRICT, et al., Defendants.**

**No. 3:94CV188–B–B.**

United States District Court, N.D. Mississippi, Western Division.

May 29, 1997.

---

## MEMORANDUM OPINION

BIGGERS, District Judge.

The issue of the proper amount of attorney's fees and expenses to be awarded to the plaintiff pursuant to 42 U.S.C. § 1988 is before the court.

The plaintiff seeks an award of fees in the sum of $329,782.50 [1] and expenses in the sum of $16,060.00. The plaintiff has submitted the affidavits of attorneys Rob McDuff, Elliot Mincberg, Judith Schaeffer, and Danny Lampley, along with an itemization of services and fees. The itemization reflects a total of 2300 hours of work performed during a period of twenty-two months.

In response, the defendants assert that the plaintiff is not the prevailing party, and that for a variety of reasons, good cause exists for

---

1. Although the plaintiff has voluntarily reduced her request to approximately $250,000.00 in fees, so as to account for any duplication of effort or issues upon which the plaintiff did not prevail, her fee request reflects a total fee of $329,782.50.

the court to require the plaintiff to bear its own attorney's fees and expenses. The defendants further assert that the plaintiff's proposed amount is excessive in that many of the entries are excessive and/or duplicative, and that the hourly rate requested by the plaintiff's attorney's is excessive. The defendants recommend a total fee of no more than $25,000.00.[2]

## I. ATTORNEY'S FEES

[1, 2] In light of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),[3] the court must determine "a lodestar figure equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work" and adjust the lodestar figure to reflect any factors not otherwise subsumed in the lodestar calculation. *Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136–37 (5th Cir.1986); *Jackson v. Color Tile, Inc.*, 638 F.Supp. 62, 64 (N.D.Miss.1986), *aff'd* 803 F.2d 201 (5th Cir.1986).

(A) *Number of hours reasonably expended:*

■ Since sufficient detail is required in any application for determining an accurate award, unreasonably vague submissions are not compensable. The following vague entries should be deleted in their entirety as non-compensable: 8/2/95 and 8/4/95 (McDuff); 12/9/94(2)[4], 12/21/94(1,2,3), 12/22/94(2), 12/30/94, 1/2/95, 1/4/95(1), 1/25/95(2), 1/26/95(2,3), 2/1/95(5), 4/7/95(4), 5/17/95(1), 7/8/95, 7/13/95(2), 12/18/95(2), 12/19/95(1) and 6/25/96(1) (Lampley). The

following entries contained some vague itemizations, and should be deleted in part: 12/6/95 (reduced by .4 hour) (Lampley).

■ Hours which "are excessive, redundant, or otherwise unnecessary" are not hours "reasonably expended" and should be excluded from calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40, 50–51 (1983). The following entries are either excessive or unnecessary and should be reduced as indicated:[5] 3/19/95 (from .2 hour to 0.0 hours), 3/24/95 (from .9 hour to .5 hour), 4/18/95 (from 1.7 hours to 1.0 hour), 10/24/95 (from .6 hour to .3 hour), 11/15/95 (from 1.9 hours to 1.0 hour), 11/29/95 (from 1.8 hours to 1.2 hours), 12/6/95 (from 2.2 hours to 1.0 hour), 1/15/96 (from .5 hour to .2 hour), 1/18/95 (from 1.7 hours to .5 hour), 1/23/96 through 1/24/96 (from 1.6 hours to .8 hour), 6/26/96 (from .8 hour to .5 hour), 7/7/96 through 8/1/96 (from 11.6 hours to 6.0 hours) and 9/16/96 through 9/21/96 (from 16.8 hours to 8.0 hours) (McDuff); 1/25/95 through 1/26/95 (from 3.5 hours to 2.5 hours), 2/13/95 (from 1.5 hours to .75 hour), 3/22/95 (from 1.0 hour to .5 hour), 4/11/95 (from 1.0 hour to .5 hour), 4/18/95 (from 1.5 hours to 1.0 hour), 6/22/95 (from .5 hour to .25 hour), 6/28/95 (from .75 hour to .5 hour), 7/6/95 (from .75 hour to .5 hour), 7/17/95 (from .75 hour to .5 hour), 7/31/95 (from .75 hour to .5 hour), 8/7/95 through 8/29/95 (from 4.5 hours to 2.0 hours), 9/6/95 (from 1.25 hours to .75 hour), 10/6/95 (from .75 hour to .25 hour), 11/1/95 through 11/27/95 (from 11.0 hours to 6.0 hours), 12/4/95 through 12/15/95 (from 7.0 hours to 2.0 hours), 12/20/95 through 12/21/95 (from

---

**2.** The court finds it incredulous that the defendants would allow no more than $25,000.00 in fees and expenses to the plaintiff. The court denied the plaintiff's motion to require the defendants to disclose the amount of attorney's fees paid in defending the case, but newspaper accounts submitted by the plaintiff from *The Commercial Appeal* and *The Clarion–Ledger* place the defendants' attorneys' fees at $200,000.00–215,-000.00, which the defendants do not dispute. When this figure is divided by the $90.00 per hour that the defendants' attorneys claim to have charged, it appears that the defendants spent 2200–2400 hours in defense of this action, or roughly the same amount of time as the plaintiff's attorneys. While this does not validate 2300 hours of time as a reasonable figure for

*either* side to have spent on this case, it does lead the court to believe that the final figure arrived upon is not out of line.

**3.** Under Local Rule 15(b)(3), the *Johnson* factors are to be considered for any fee application.

**4.** Lampley made multiple entries on several dates. The number in parentheses after the date indicates which entry is referenced. If there is no number, all of the entries for that date are included.

**5.** References covering multiple dates are exclusive of previously deleted entries.

3.25 hours to 1.5 hours), 1/2/96 (from 1.0 hour to .5 hour), 1/3/96 (from 1.0 hour to .5 hour), 1/14/96 (from 1.25 hours to .75 hour), 1/15/96 through 1/16/96 (from 5.0 hours to 2.5 hours), 1/18/96 (from 1.0 hour to .5 hour), 1/19/96 through 1/26/96 (from 11.0 hours to 4.0 hours), 1/29/96 (from 3.25 hours to .5 hour), 1/31/96 (from 1.0 hour to .5 hour), 3/7/96 through 3/26/96 (from 20.75 hours to 12.0 hours) and 4/19/96 through 4/25/96 (from 12.5 hours to 4.5 hours) (Mincberg); 11/22/94 through 12/5/94 (from 4.75 hours to 2.0 hours), 12/7/94 (from 1.0 hour to .5 hour), 12/8/94 (from 1.0 hour to .5 hour), 12/19/94 through 12/20/94 (from 16.75 hours to 0.0 hours), 12/23/94 through 1/3/95 (from 10.0 hours to 8.0 hours), 1/8/95 (from 1.25 hours to .75 hour), 1/9/95 through 1/10/95 (from 4.75 hours to 2.0 hours), 1/13/95 (from 11.0 hours to 6.0 hours), 3/31/95 (from 5.0 hours to 3.5 hours), 4/3/95 through 4/7/95 (from 18.75 hours to 10.0 hours), 4/10/95 (from 1.75 hours to 1.0 hour), 4/11/95 (from 3.00 hours to 1.0 hour), 4/18/95 (from 4.25 hours to 2.0 hours), 4/19/95 (from 1.25 hours to .25 hour), 4/20/95 (from .75 hour to .25 hour), 4/27/95 (from 1.25 hours to .75 hour), 5/17/95 (from 1.25 hours to .5 hour), 5/18/95 (from 4.00 hours to 1.0 hour), 5/19/95 (from 4.00 hours to .5 hour), 5/22/95 (from .75 hour to .25 hour), 5/24/95 (from 3.25 hours to 2.0 hours), 5/31/95 (from 1.75 hours to 1.0 hour), 6/8/95 (from 2.0 hours to 1.0 hour), 6/9/95 (from 2.0 hours to 1.0 hour), 6/10/95 through 6/11/95 (from 2.75 to 1.25), 6/12/95 (from 1.0 hour to .5 hour), 6/13/95 (from 2.75 hours to 1.25 hours), 6/14/95 (from 1.25 hours to 0.0 hour), 6/20/95 (from 1.50 hours to .5 hour), 7/5/95 through 7/16/95 (from 57.0 hours to 24.0 hours), 7/24/95 (from 6.5 hours to 3.0 hours), 7/25/95 (from 3.25 hours to 1.0 hour), 7/26/95 (from 6.25 hours to 4.0 hours), 7/31/95 (from 6.75 hours to 4.0 hours), 8/5/95 through 8/16/95 (from 39.25 hours to 20.0 hours), 8/17/95 through 8/18/95 (from 6.75 hours to 3.5 hours), 8/24/95 (from 3.5 hours to 1.0 hour), 8/25/95 (from 4.5 hours to 1.0 hour), 8/28/95 (from 3.25 hours to .5 hour), 8/29/95 (from 2.25 hours to .75 hour), 8/30/95 (from 2.25 hours to 1.0 hour), 8/31/95 (from 4.5 hours to 1.5 hours), 9/1/95 (from 2.25 hours to .5 hour), 9/5/95 (from 3.5 hours to .5 hour), 9/6/95 (from 7.0 hours to 2.5 hours), 9/7/95 (from 2.75 hours to .75 hour), 9/28/95 (from 2.0 hours to 0.0 hour), 9/29/95 (from 3.0 hours to .5 hour), 10/1/95 (from 1.75 hours to 0.0 hours), 10/5/95 (from 1.5 hours to .5 hours), 10/6/95 (from 1.75 hours to 1.0 hour), 10/12/95 (from .5 hour to .25 hour), 10/29/95 (from 2.25 hours to 0.0 hours), 11/5/95 (from 2.5 hours to 1.25 hours), 11/13/95 through 12/12/95 (from 136.0 hours to 50.0 hours), 12/13/95 through 12/17/95 (from 18.75 hours to 4.0 hours), 12/18/95 (from 3.0 hours to .5 hours 6.5 hours to 2.0 hours), 12/27/95 (from 5.0 hours to 3.0 hours), 12/28/95 (from 6.5 hours to 4.0 hours), 12/29/95 (from 5.5 hours to 3.0 hours), 1/2/96 through 1/3/96 (from 12.25 hours to 6.0 hours), 1/11/96 (from 4.0 hours to 1.0 hour), 1/12/96 (from 2.75 hours to 1.0 hour), 1/14/96 (from 5.25 hours to 1.0 hour), 1/15/96 (from 7.0 hours to 3.0 hours), 1/16/96 (from 9.0 hours to 2.0 hours), 1/17/96 (from 7.75 hours to 1.0 hour), 1/18/96 (from 7.0 hours to 1.0 hour), 1/19/96 (from 8.5 hours to 3.0 hours), 1/21/96 (from 3.25 hours to 1.0 hour), 1/22/96 (from 6.5 hours to 1.5 hours), 1/23/96 (from 7.5 hours to 1.0 hour), 1/24/96 (from 5.25 hours to 2.0 hours), 1/25/96 (from 9.25 hours to 4.0 hours), 1/26/96 (from 3.5 hours to 1.0 hour), 1/29/96 (from 10.5 hours to 8.0 hours), 1/30/96 (from 4.0 hours to 2.0 hours), 1/31/96 (from 6.0 hours to 3.0 hours), 2/1/96 (from 4.0 hours to 1.0 hour), 2/2/96 (from 4.25 hours to 1.0 hour), 2/3/96 (from 2.25 hours to 0.0 hours), 2/4/96 (from 2.25 hours to 1.0 hour), 2/5/96 (from 4.5 hours to 1.5 hours), 2/6/96 (from 3.5 hours to 1.5 hours), 2/7/96 (from 4.5 hours to 1.0 hour), 2/8/96 (from 5.75 hours to 3.0 hours), 2/9/96 (from 4.75 hours to 3.0 hours), 2/10/96 (from 2.0 hours to 1.0 hour), 2/11/96 (from 2.75 hours to 0.0 hours), 2/12/96 (from 6.0 hours to 4.0 hours), 2/13/96 (from 6.0 hours to 3.5 hours), 2/14/96 (from 6.25 hours to 3.5 hours), 2/15/96 (from 7.25 hours to 2.5 hours), 2/16/96 (from 3.25 hours to 2.5 hours), 2/17/96 (from 4.25 hours to 2.0 hours), 2/18/96 (from 2.75 hours to 1.5 hours), 2/19/96 (from 4.25 hours to 2.0 hours), 2/20/96 (from 8.0 hours to 5.0 hours), 2/22/96 (from 7.75 hours to 4.0 hours), 2/23/96 (from 8.0 hours to 6.0 hours), 2/24/96 (from 5.0 hours to 3.5 hours), 2/25/96 (from 4.75 hours to 2.5 hours), 2/26/96 (from 10.25 hours to 8.0 hours), 2/27/96 (from 7.5 hours to 6.0 hours), 2/28/96 (from 14.5 hours to 8.0 hours), 3/18/96 (from

2.5 hours to 1.5 hours), 3/19/96 (from 1.75 hours to 1.0 hour), 3/20/96 (from 5.5 hours to 3.0 hours) (from 3.25 hours to ·1.0 hour), 3/22/96 (from 1.75 hours to .5 hour); 3/25/96 (from 3.5 hours to 1.0 hour), 3/26/96 (from 1.5 hours to .5 hour) and 4/19/96 through 4/26/96 (from 21.75 hours to 14.0 hours) (Schaeffer); 12/2/94 (from 7.0 hours to 4.0 hours), 12/4/94(1) (from 2.5 hours to 1.5 hours), 12/6/94 (from 5.1 hours to 4.0 hours), 12/11/94 (from 2.1 hours to 1.0 hour), 12/16/94(2) (from 5.7 hours to 3.0 hours), 12/18/94 (from 3.3 hours to 1.0 hour), 12/19/94(1) (from 2.2 hours to 1.0 hour), 12/19/94(2) (from 6.9 hours to 2.0 hours), 12/20/94 (from 6.5 hours to 1.0 hour), 12/21/94(4) (from 2.6 hours to 1.5 hours), 12/22/94 (from 1.0 hour to 0.0 hours), 12/28/94 (from 1.6 hours to .8 hour), 1/3/95 (from 1.0 hour to .5 hour), 1/8/95(1) (from 1.4 hours to .5 hour), 1/9/95 (from 2.0 hours to .5 hour), 1/12/95(1) (from 3.4 hours to 1.0 hour), 2/17/95(3) (from 1.0 hour to .4 hour), 4/7/95(6) (from 2.1 hours to 1.0 hour), 4/8/95 (from 1.5 hours to 1.0 hour), 4/18/95 (from 4.0 hours to 2.0 hours), 4/25/95(2) (from .5 hour to 0.0 hours), 4/27/95(2,3) (from 2.9 hours to 1.0 hour), 5/11/95(3) (from 1.3 hours to .7 hour), 5/15/95 (from 1.9 hours to 1.0 hour), 5/17/95(2) (from 5.6 hours to 1.5 hours), 5/17/95(3) through 5/18/95 (from 7.3 hours to 1.0 hour), 5/31/95 (from 7.1 hours to 5.0 hours), 7/30/95 (from 8.9 hours to 3.0 hours), 8/1/95(4) (from .7 hour to .3 hour), 8/2/95(1,2,3) (from 1.3 hours to 0.0 hours), 8/2/95(5) (from 2.1 hours to 1.0 hour), 8/3/95 (from 6.8 hours to 4.5 hours), 8/7/95(3) (from 1.1 hours to .7 hour), 8/9/95(2) (from 2.0 hours to 0.0 hours), 8/13/95 (from 3.9 hours to 2.0 hours), 8/14/95(3) (from 2.6 hours to 1.5 hours), 8/17/95 (from 1.9 hours to 1.0 hour), 8/21/95 (from 1.8 hours to 1.2 hours), 9/14/95 (from 1.7 hours to .7 hour), 9/22/95 (from .9 hour to .2 hour), 9/27/95 (from 1.0 hour to .5 hour), 9/28/95 (from 2.4 hours to 1.5 hours), 9/29/95(1) (from 4.0 hours to 2.0 hours), 10/5/95(2) (from 2.8 hours to 1.0 hour), 10/19/95(2) (from 2.3 hours to .5 hour), 10/19/95(3) (from hour), 10/22/95 (from 3.7 hours to 0.0 hours), 10/27/95(2) (from 2.8 hours to 1.2 hours), 11/2/95 (from 4.1 hours to 3.0 hours), 11/13/95(1) (from 4.7 hours to 3.0 hours), 11/15/95 (from 3.9 hours to 1.0 hour), 12/4/95(2) (from 1.5 hours to .5 hour), 12/5/95(3) (from .8 hour to 0.0 hours), 12/5/95(4) (from .9 hour to .5 hour), 12/5/95(5) (from .5 hour to 0.0 hours), 12/8/95(2) (from 1.5 hours to .5 hour), 12/11/95(3) (from 4.5 hours to 1.5 hours), 12/15/95(3) (from 2.9 hours to 1.2 hours), 12/18/95(1) (from 4.9 hours to 2.0 hours), 12/19/95(2) (from 2.1 hours to 1.0 hour), 12/20/95 (from 2.5 hours to 1.0 hour), 1/2/96 (from 3.0 hours to 1.5 hours), 1/17/96(1) (from 1.8 hours to 1.0 hour), 1/18/96(3) (from 1.7 hours to 1.0 hour), 1/18/96(4) (from 1.2 hours to .6 hour), 1/23/96 (from 2.5 hours to 1.0 hour), 1/24/96(2) (from 9.7 hours to 6.0 hours), 1/25/96(3) (from 6.4 hours to 3.2 hours), 2/4/96 (from 2.6 hours to 1.0 hour), 2/8/96 (from 1.0 hour to .5 hour), 2/11/96 (from 2.2 hours to 0.0 hours), 2/12/96 (from 2.1 hours to 1.0 hour), 2/15/96 (from 2.9 hours to 1.5 hours), 2/23/96(2) (from .5 hour to 0.0 hours), 2/24/96 (from 2.3 hours to 1.5 hours), 2/26/96(3) (from .9 hour to .6 hour), 2/27/96(2) (from 1.3 hours to 0.0 hours), 2/28/96 (from 7.9 hours to 6.0 hours), 2/29/96(3,4) (from 6.2 hours to 4.0 hours), 3/2/96 (from 3.2 hours to 0.0 hours), 3/3/96(1,5) (from 2.4 hours to 0.0 hours), 3/7/96 (from 2.5 hours to 0.0 hours), 3/14/96 (from 1.7 hours to 1.2 hours), 6/17/96(1) (from 1.2 hours to 0.0 hours), 6/25/96(3) (from 3.4 hours to 2.0 hours) and 7/30/96 through 7/31/96 (from 17.6 hours to 7.5 hours) (Lampley).

After deducting all vague entries and all hours not reasonably expended, the compensable hours expended are as follows: 189.1 hours by McDuff, 187.0 hours by Minceberg, 634.25 hours by Schaeffer, 601.1 hours by Lampley, and 81.5 hours by law clerks.

(B). *Hourly rates:*

■ Travel and other non-legal activity should by compensated at a lesser rate. *See Shirley v. Chrysler First, Inc.,* 763 F.Supp. 856 (N.D.Miss.1991); *Coalition to Preserve Houston v. Interim Board of Trustees,* 494 F.Supp. 738 (S.D.Tex.1980). The court finds that travel time should be compensated at half the allowable hourly rate, and non-legal activity, such as clerical work and service of documents, should be compensated at $35.00 per hour. Therefore, rates for the following entries should be reduced accordingly: 2/1/95

(travel—3.0 hours reduced to half the allowable rate), 2/3/95 (travel—3.0 hours reduced to half the allowable rate), 4/12/95 (travel—3.0 hours reduced to half the allowable rate), 4/13/95 (travel—3.0 hours reduced to half the allowable rate), 7/31/95 (travel—2.0 hours reduced to half the allowable rate), 8/1/95 (travel—4.0 hours reduced to half the allowable rate), 11/16/95 (travel—3.0 hours reduced to half the allowable rate), 11/17/95 (travel—3.0 hours reduced to half the allowable rate), 1/29/96 (travel—3.0 hours reduced to half the allowable rate), 1/30/96 (travel—3.0 hours reduced to half the allowable rate), 3/3/96 (travel—3.0 hours reduced to half the allowable rate), and 3/7/96 (travel—3.0 hours reduced to half the allowable rate), (McDuff); 7/1/95 (non-legal—1.0 hour reduced to $35.00 per hour), 7/20/95 (travel—3.5 hours reduced to half the allowable rate), 1/27/96 (travel—3.5 hours reduced to half the allowable rate), 1/29/96 (travel—3.5 hours reduced to half the allowable rate), and 3/7/96 (travel—3.5 hours reduced to half the allowable rate), (Schaeffer); 12/11/94 (non-legal—1.0 hour reduced to $35.00 per hour), 12/19/94(2) (non-legal—2.0 hours reduced to $35.00 per hour), 12/20/94 (non-legal—1.0 hour reduced to $35.00 per hour), 1/9/95 (non-legal—.5 hour reduced to $35.00 per hour), 1/13/95(1) (non-legal—.5 hour reduced to $35.00 per hour), 1/18/95 (non-legal—1.0 hour reduced to $35.00 per hour), 1/26/95(1) (non-legal—.2 hour reduced to $35.00 per hour), 1/30/95 (non-legal—.2 hour reduced to $35.00 per hour), 2/1/95(2) (non-legal—1.0 hour reduced to $35.00 per hour), 2/1/95(4) (non-legal—1.3 hours reduced to $35.00 per hour), 2/2/95(1) (travel—1.0 hour reduced to half the allowable rate), 2/17/95(1) (travel—1.1 hours reduced to half the allowable rate), 3/2/95(2) (non-legal—.3 hour reduced to $35.00 per hour), 3/23/95(1) (travel—1.0 hour reduced to half the allowable rate), 3/29/95(3) (non-legal—.7 hour reduced to $35.00 per hour), 4/4/95(3) (non-legal—.4 hour reduced to $35.00 per hour), 4/5/95(2) (non-legal—.4 hour reduced to $35.00 per hour), 4/10/95(2) (non-legal—.3 hour reduced to $35.00 per hour), 4/12/95(2) (travel—1.1 hours reduced to half the allowable rate), 4/16/95 (non-legal—.6 hour reduced to $35.00 per hour), 4/24/95(1) (non-legal—.3 hour reduced to $35.00 per hour), 5/12/95(1) (non-legal—1.3 hours reduced to $35.00 per hour), 7/7/95 (non-legal—1.3 hours reduced to $35.00 per hour), 7/17/95(1) (non-legal—.5 hour reduced to $35.00 per hour), 7/18/95(1) (travel—.4 hour reduced to half the allowable rate), 7/19/95(2) (travel—.4 hour reduced to half the allowable rate), 7/20/95(1) (non-legal—.2 hour reduced to $35.00 per hour), 8/1/95(1) (non-legal—.4 hour reduced to $35.00 per hour), 8/1/95(3) (travel—.4 hour reduced to half the allowable rate), 8/2/95(5) (non-legal—1.0 hour reduced to $35.00 per hour), 8/4/95(3) (non-legal—.2 hour reduced to $35.00 per hour), 8/10/95(1) (travel—.4 hour reduced to half the allowable rate), 8/16/95(1) (non-legal—.2 hour reduced to $35.00 per hour), 8/28/95(2,5) (travel—.9 hour reduced to half the allowable rate), 8/29/95(2,7) (travel—1.0 hour reduced to half the allowable rate), 9/29/95(2) (non-legal—1.2 hours reduced to $35.00 per hour), 10/27/95(3) (non-legal—.8 hour reduced to $35.00 per hour), 11/1/95(2) (travel—.4 hour reduced to half the allowable rate), 11/9/95 (non-legal—.4 hour reduced to $35.00 per hour), 11/13/95(2) (non-legal—.5 hour reduced to $35.00 per hour), 12/6/95 (non-legal—.4 hour reduced to $35.00 per hour), 12/7/95(2,5) (travel—.8 hour reduced to half the allowable rate), 12/15/95(2) (non-legal—.4 hour reduced to $35.00 per hour), 12/27/95(2,5) (travel—1.2 hours reduced to half the allowable rate), 12/29/95(1,3,5) (travel—1.4 hours reduced to half the allowable rate), 2/9/96 (non-legal—.8 hour reduced to $35.00 per hour), 2/13/96(3,5) (travel—1.5 hours reduced to half the allowable rate), 2/14/96(2,4) (travel—1.2 hours reduced to half the allowable rate), 2/22/96(4) (non-legal—1.1 hours reduced to $35.00 per hour), 2/23/96(4,6) (travel—1.7 hours reduced to half the allowable rate), 2/26/96(3) (non-legal—.6 hour reduced to $35.00 per hour), 4/12/96 (non-legal—.6 hour reduced to $35.00 per hour), and 5/3/96 (non-legal—.3 hour reduced to $35.00 per hour) (Lampley).

The plaintiffs' attorneys seek the following hourly rates for services rendered in this action:

$150.00 per hour for Rob McDuff, Elliot Mincberg, and Judith Schaeffer;

$125.00 per hour for Danny Lampley; and

$50.00 per hour for law clerks.

The plaintiff has submitted the affidavits of three independent attorneys, Ron Lewis, David Hill, and Spencer Gilbert, which support the aforementioned rates. These attorneys, who are frequent practitioners in the Northern District of Mississippi, are familiar to the court and the court finds their affidavits to be persuasive.

The court finds that the proposed hourly rates are reasonable and customary and should be multiplied by the compensable hours expended (subject to the aforementioned reduction in rate for travel time and activities typically performed by non-attorneys) to arrive at a lodestar amount of $223,-989.25.

(C) *Adjustment to the lodestar amount:*

 In addressing the twelve *Johnson* factors, the court finds as follows:

(1) The time and labor required: The reasonable time and labor required is subsumed in the calculation of the lodestar amount. No further enhancement or reduction is necessary.

(2) Novelty and difficulty of the question: The plaintiff concedes that the basic legal principles involved in this case are fairly-well settled.

(3) The skill requisite to perform the legal services properly: Although this case may have required greater than average skill, in that Establishment Clause law is a specialized field, the court has already considered this factor in determining the appropriate hourly rate.

(4) The preclusion of other employment: The court finds that this factor does not warrant adjustment of the lodestar.

(5) The customary fee: This factor is subsumed in the lodestar as the hourly rate. The aforementioned hourly rates are in accordance with the prevailing rates in the community.

(6) Whether the fee is fixed or contingent: The court finds that this factor does not warrant adjustment of the lodestar.

(7) Time limitations imposed by the client or the circumstances: The court finds that this factor does not warrant adjustment of the lodestar.

(8) The amount involved and the results obtained: The court finds that this factor does not warrant adjustment of the lodestar.

(9) The experience, reputation and ability of the attorneys: The court has already considered this factor in determining the appropriate hourly rates.

(10) The "undesirability" of the case: Three of the plaintiff's attorneys concede that this was not a factor for them. The fourth attorney contends that accepting a case of this nature might hinder the development of his practice. However, upon due consideration, the court finds that any negatives associated with this case are countered by the experience and renown gained from participating in such a case. Therefore, the court finds that this factor does not warrant an adjustment to the lodestar.

(11) The nature and length of the professional relationship with the client: The court finds that this factor does not warrant adjustment of the lodestar.

(12) Awards in similar cases: The plaintiffs have submitted no evidence that awards in similar cases warrant an enhancement of the lodestar. The court therefore finds that this factor does not justify any adjustment to the lodestar, viewing the twelve *Johnson* factors, the court finds that the lodestar amount should be reduced by 40% to account for the duplication of effort observed by the court both in person and in review of the time records. The law involved in this case was fairly-well established, the briefing should have been relatively simple, and the trial lasted only three days. Therefore, the court finds that four attorneys taking an active involvement in all aspects of this case is entirely too much. The court has attempted to strike specific instances of duplicitous effort contained within the time sheets of the plaintiff's attorneys. However, the court finds that the lodestar amount should be further reduced to account for that duplication of effort that either could not be specifically identified, or could not be easily stricken. For example, all four attorneys participated in the three day trial, and billed a substantial amount of hours as a result thereof. Since it would be impossible for the court to determine which attorneys should have their trial time stricken, the

**1120**

court finds that an adjustment to the lode-star would be a more appropriate method to account for the duplication of effort.

## II. EXPENSES

█ The plaintiff seeks to recover the sum of $16,386.83 for case expenses. The court finds that the plaintiff is entitled to recover all of the itemized expenses subject to the following exceptions. Rob McDuff claims $1,109.99 in travel expenses, which the court finds should be stricken for lack of itemization. McDuff fails to identify the dates upon which the travel expenses were incurred, and further fails to identify the source of the expense, such as mileage, lodging, meals, etc. McDuff further claims in his supplemental fee statement, which covers expenses incurred from August 2, 1996 to September 24, 1996, 2176 copies at $0.10 each. These copies are in addition to the 2149 copies claimed in his original fee statement, which covers better than eighteen months. There is no explanation as to why McDuff incurred such a substantial amount of copies in a two-month period, and therefore, the court finds that the number of copies listed in the supplemental fee statement should be reduced to 200 copies at $0.10 each. The court further finds that the overnight delivery charge of $46.00 should be stricken as unsupported and unnecessary. Elliot Mincberg and Judith Schaeffer have submitted an itemization of expenses on behalf of the People For the American Way (PFAW) in which they claim 7570 pages of photocopying at $0.25 each. The court finds that such an amount is excessive, especially considering the 8000 copies claimed by McDuff and Lampley which the court has allowed, and therefore the PFAW's copies should be reduced to 2500 copies at $0.25 each. The court further finds that the external photocopying claimed by the PFAW in the amount of $1195.03 is unnecessary and should be stricken. The court finds that the travel and lodging for Judith Schaeffer incurred from 12/19/94 to 12/20/94 in the amount of $1098.85 is unnecessary and should be stricken. Finally, the court finds that several of the PFAW's travel expenses for travel to North Mississippi are both

vague and excessive, and therefore should be reduced. Schaeffer incurred a travel expense of $271.54 for a trip to Oxford, Mississippi, in January of 1995. The court finds this to be a reasonable amount for roundtrip airfare and three-day car rental. Therefore, the court finds that the travel expenses incurred on 1/30/95 to 2/2/95 for Mincberg and 7/15/95 to 7/20/95 for Schaeffer should be reduced to $300.00 each, and on 3/2/96 to 3/7/96 for both Mincberg and Schaeffer together should be reduced to $600.00. The court finds that the remainder of the plaintiff's expenses are reasonable and necessary, and the plaintiff should be compensated accordingly.

## III. CONCLUSION

The court finds that the plaintiff is the prevailing party and therefore is entitled to an award of attorney's fees under 42 U.S.C. § 1988. For the foregoing reasons, the court will award the plaintiff $134,393.55 for attorney's fees[6] and $9,807.26 for case expenses. An order will issue accordingly.

---

6. The court notes that while $134,393.55 may appear to be a large award for a case that culminated in a trial of only three days, this figure is substantially less than the reported $200,000.00–215,000.00 in fees incurred by the school district.